THORP *vs.* THE · KEOKUK COAL COMPANY, of the city of New York.

A mortgagee may maintain an action to recover the amount due upon the mortgage, against a grantee of the mortgaged premises, who has, by accepting a deed containing a covenant to that effect, assumed the payment of the mortgage.

The fact that the bond accompanying the mortgage contains a clause to the effect that recourse shall be first had to the mortgaged premises, before resorting to the bond, is no defense to such an action.

Such a clause in the bond is no answer to an action upon a direct subsequent undertaking and agreement, by a purchaser, to pay the mortgage debt.

THIS action was brought to recover of the defendant the amount due on a mortgage executed by one Joseph F. Franklin, to the plaintiff, on lands situated in the state of Iowa. On the 5th day of July, 1860, Joseph F. Franklin executed and delivered to the plaintiff a mortgage of that date on certain lands in Iowa to secure the payment of a bond of the same date, which was made and executed by Franklin and his co-obligors, J. W. Currier, Levi Dodge, N. B. La Bau and N. S. Washburn, conditioned for the payment to the plaintiff of $4000 in two years from date, with seven per cent interest. This bond contained the following clause : "It being expressly understood and agreed, that in case of default in the payment of interest or the principal on the bond, that in such case recourse must be first had to the

property described in said mortgage, by foreclosure and sale under said mortgage and bond, and that the above obligors shall only be answerable for any deficiency of the mortgage debt after such foreclosure and sale." On the 1st 'day of December, 1860, Franklin executed a deed of the mortgaged premises purporting to convey them in fee to the defendants. The deed of conveyance contains the following clause: " This conveyance being made subject to a certain mortgage, made and executed by Joseph F. Franklin, one of the parties of the first part hereto, to William W. Thorp, for the sum of four thousand dollars, with interest thereon, dated July 5, 1860, and which was acknowledged November 30, 1860, and is ready to be recorded ; said mortgage having been given by said Franklin to said Thorp to secure a part of the considera- tion money arising on a sale and conveyance of the within premises by said Thorp to said Joseph F. Franklin ; the payment of which said mortgage, with the interest now ac- crued and hereafter to accrue, is hereby assumed by the party of the second part hereto." The bond not having been paid, when due, this action was brought against the defendants upon their implied covenant in the deed to pay the mortgage debt. No previous proceedings had been instituted by the plaintiff to foreclose the mortgage.

The bond, the mortgage and the deed were all produced and proved on the trial. This was all the evidence relat- ing to this branch of the case. Upon the only other ques- tion in the case, viz. whether the deed of Franklin had ever been delivered to and accepted by the defendants, the evi- dence was as follows : The secretary of the company, Cur- rier, testified that he never knew or heard of any delivery of the deed to the company ; that neither the trustees nor stockholders, to his knowledge, ever met and formally ac- cepted the deed ; that he, the secretary, never had it in his possession, and that Franklin, the mortgagor, who was the president of the company, kept the papers of the company ; and that the deed was kept in his possession. Franklin tes-

tified that he never delivered the deed to any member or members of the company officially, and that he kept the papers of the company in his private safe. These are all the facts proved on this subject.

The defendant's counsel moved to dismiss the complaint, on the following grounds :

1st. The bond accompanying the mortgage, and referred to therein, is properly a part of it, and was not placed in evidence by the plaintiff, and there is nothing before the court, to show what were the conditions of the bond or mortgage debt assumed by the defendant.

2d. That there is no evidence of a delivery to or acceptance by the defendant of the deed from Franklin and wife to the defendant, dated December 1, 1860.

3d. That there has been no formal or official acceptance of the deed in question by the defendant at any meeting of its board of trustees or stockholders.

Which motion was overruled by the court, and the defendant excepted.

The court instructed the jury as follows : " There is really but one question in this case. That is a question of law as to the effect of this assumption of the deed, and I must dispose of it, whether right or wrong. I think that covenant is to be construed with great liberality against the defendant. I think they assume all the obligations, and are subject to all the liabilities of the obligors, and the liabilities upon and against the land, and I think it does not lie with them to say that the whole is to come out of that as proceeds of the land or money. I do not think it lies with them to claim that under that clause in the bond, which was intended for the personal protection of the obligors, the payment should not be made. I therefore hold that the plaintiff is entitled to recover to the amount of the mortgage and interest, $4910."

Each clause of this charge was separately excepted to. The jury found a verdict in favor of the plaintiff, and

judgment having been entered thereon, the defendant appealed.

*J. L. Jernegan*, for the appellant.  I.  The defendant was entitled to the benefit of the clause in the bond, providing that the obligor should only be answerable for any deficiency of the mortgage debt after the foreclosure and sale of the mortgaged premises.  1.  The grantee, by virtue of the assumption of the mortgage debt, stands in the place of the mortgagor.  He assumes the liability of the mortgagor, and that only.  He is liable to pay the debt at the time, in the manner, and under the conditions on which the mortgagor has agreed to pay it, and no other.  2.  Where the mortgagor's grantee assumes the payment of the mortgage debt as part of the purchase money, the land constitutes the primary fund for the payment of the debt, and consequently, the mortgagee can resort to the personal liability of the grantee, only after exhausting his remedy against the land. This doctrine was established in the leading case in this state. (*Halsey* v. *Reed*, 9 *Paige*, 446.)  In that case, the clause in the deed was, "which said mortgage, &c. is assumed by, &c. and the amount thereof constitutes part of the consideration of this conveyance, and has been deducted therefrom." After the death of Halsey, the grantee in the deed, on the petition of Reed, the mortgagor, to the surrogate; that officer decreed that the personal representatives of Halsey should pay the whole mortgage debt out of the personal estate. This decree was reversed by the chancellor on the ground that the mortgaged premises were the primary fund, and that the personal representatives of Halsey were liable only for the deficiency, if any should arise after the sale of the land. It follows, therefore, that even if the mortgagee in this case had not expressly agreed to resort to the land in the first instance, the law would have compelled him to do so.  But, 3.  By accepting the bond of Franklin, with the express condition that the land should be first resorted to, the intention

and contract of the parties is unequivocally declared, and the plaintiff can not repudiate that contract when the other party, or his assignee, claims the benefit of it. 4. The same result follows from the principle upon which the liability of the grantee of the mortgagor to the mortgagee, for the payment of the mortgage debt, when such grantee has purchased the property subject to the payment of the mortgage, is grounded. This principle, as stated by the court, in *Trotter* v. *Hughes*, (2 *Kern.* 74,) is—that such liability of the grantee " is by virtue of the doctrine of subrogation in equity by which the creditor is entitled to all the collateral securities which the debtor has obtained to re-enforce the primary obligation. The mortgagor, in such a case, is looked upon as occupying the position of a surety, while the grantee, having undertaken, upon a competent consideration, to pay the debt, is regarded as the principal debtor." The same doctrine is expressly recognized in *Halsey* v. *Reed,* (9 *Paige,* 446 ;) *Marsh* v. *Pike,* (10 *id.* 595 ;) *King* v. *Whitely,* (*Id.* 465 ;) *Cornell* v. *Prescott,* (2 *Barb.* 16) 16 ;) and *Russell* v. *Pistor,* (3 *Seld.* 171.) The mortgagee, therefore, is permitted to resort directly to the grantee in this case, only because the obligation of the grantee, the defendant, was a collateral security, which Franklin, the mortgagor, had obtained to indemnify himself against the primary obligation. But that obligation was only an obligation to pay the deficiency, if such deficiency should arise after a resort to the land. And the indemnity which he has obtained by the clause in the deed, is only an indemnity against that obligation. The plaintiff is subrogated to the right of Franklin and no more. This right is a right to be indemnified against the payment of any deficiency, and no more, and the plaintiff, consequently, is entitled to recover such deficiency, should such there be, against the defendant. 5. The personal liability of the grantee to the original mortgagee can not be extended beyond that of his immediate grantor. This doctrine has been extended so far, that in the case of *King*

v. *Whitely*, above cited, although the deed to the grantee, Whitely, recited that he had assumed the payment of the mortgages, and was to pay them off as a part of the consideration of the conveyance,. yet, as it did not appear that Wilkes, Whitely's immediate grantor, but not the original mortgagor, had assumed or was liable for the payment of the deficiency, the chancellor held, that Whitely was not personally liable for such deficiency, notwithstanding the implied covenant in the deed. This case was cited with approbation, and its doctrine reaffirmed in the more recent case of *Trotter* ·v. *Hughes*, above cited. The deed to Hughes in that case was made subject to the mortgage, and it was recited that the mortgage formed the consideration money in the deed. Yet, as Hughes' immediate grantor was C. W. Trotter, and not J. Trotter, the original mortgagor, and it not appearing that C. W. Trotter was himself personally liable for any deficiency, the Court of Appeals held that C. W. Trotter, after the conveyance, had no connection with the mortgage debt, and, therefore, was not a surety for his grantee, Hughes, and that, consequently, the mortgagee could not claim the benefit of Hughes' engagement in the deed. 6. After the conveyance by Franklin to the defendant, the former had no connection with the mortgage debt, except that he was liable for the deficiency, if any such should remain, after the sale of the land. Until such a deficiency is made to appear by a foreclosure and a sale of the land, his liability to pay any part of the mortgage debt is not established. Until that liability is established, he is not a surety for the payment of any part of it. And until he becomes liable as surety, the plaintiff's right of subrogation does not exist, and the defendant is not liable.

II. The court erred in overruling the defendant's offer to prove " that the plaintiff had never resorted to his rights under the mortgage, by foreclosure and sale, for the collection of the claim for which this action is brought, and as he is required to do under the provisions of the bond and mortgage."

III. The court erred in instructing the jury to find a verdict for the plaintiff, because, independently of all the grounds above mentioned, the defendant was entitled to a verdict from the want of proof that the deed from Franklin had ever been delivered to, or accepted by, the defendant, and the like want of proof that Franklin, as president of the company, had any authority as such to purchase this land from himself for the company, and also, in overruling the motion to nonsuit the plaintiff on this ground. 1. The president of the corporation had no power, by virtue of his office, to buy lands in a foreign state, in the name of the corporation. (*Fulton Bank* v. *N. Y. and Sharon Canal Company*, 4 *Paige*, 127. *Reed* v. *Bank of Newburgh*, 6 *id.* 337.) 2. Much less has he a right to purchase lands from himself in the name of the corporation, and thus to act in the inconsistent and incompatible relation both of vendor and agent of the purchaser. (*N. Y. Central Ins. Company* v. *National Protection Ins. Company*, 4 *Kern.* 85. *Bentley* v. *Columbia Ins. Company*, 17 *N. Y. Rep.* 421.)

*George W. Stevens,* for the respondent. I. The plaintiff is entitled to maintain this action against the defendant, although the mortgage mentioned in the pleadings has not been foreclosed. (*Barker* v. *Bucklin*, 2 *Denio*, 45. *Lawrence* v. *Fox*, 20 *N. Y. Rep.* 268. *Burr* v. *Beers*, 24 *id.* 178.)

II. The proviso in the bond was for the sole benefit of the obligor therein. The defendant was a stranger to the bond, and was not, and is not entitled to the benefit of any proviso, exception, or reservation contained in the bond. (*Hornbeck* v. *Westbrook*, 9 *John.* 73. *Burr* v. *Mills*, 21 *Wend.* 290. *Schermerhorn* v. *Talman*, 4 *Kern.* 93. *Ives* v. *Van Auken*, 34 *Barb.* 566.)

GEORGE G. BARNARD, J. It is now finally settled that the clause in the deed to the defendant, from Franklin, creates a cause of action for the amount of the mortgage

assumed by the defendant, in favor of the holder of the mortgage. (*Lawrence* v. *Fox*, 20 *N. Y. Rep.* 268. *Burr* v. *Beers*, *Id.* 178.) The decision in these cases is put on the broad principle that if a person makes a promise to another for the benefit of a third person, such third person may maintain an action on the promise. The defendant has promised to pay this mortgage to the holder as part of the purchase price of the land. The action is made out by the promise, and rests solely upon it. The defendant can make no defense to this action because of the existence of a clause in the bond accompanying the mortgage that the lands covered by the mortgage should be first sold before the bond should be demanded. It is no answer to a direct subsequent undertaking and agreement, by the defendant, to pay this mortgage debt to the plaintiff.

Judgment affirmed, with costs.

INGRAHAM, J. The condition in the bond was intended for the personal benefit of the obligors, and merely exempted them from being sued before the mortgage was foreclosed. The assumption of the debt by the defendant was not to pay the bond according to its condition, but the mortgage. The debt due by the mortgage was the whole debt, and when the defendant agreed to pay this, it became liable for it when due, and is not entitled to the benefit of the covenant in the bond.

I concur in affirming the judgment.

CLERKE, J. also concurred.

Judgment affirmed.

[NEW YORK GENERAL TERM, November 5, 1866. *George G. Barnard, Clerke* and *Ingraham*, Justices.]