WILLIAM P. RAE COMPANY, Appellant, *v.* HELEN A. COURTNEY et al., Respondents, and WILLIAM M. GREVE, Appellant.

(Argued January 11, 1929; decided February 13, 1929.)

*Alfred T. Davison* and *Addison B. Scoville* for plaintiff-appellant. There should be deducted from the market value of the property an amount representing the burden of the unexpired term of the lease upon the fee. (*Sweet* v. *Henry*, 175 N. Y. 268.)

*Lynn G. Goodnough* for defendant-appellant.

*Peter P. Smith* and *Joseph J. Reiher* for respondents. The lease is not a burden on the fee and, therefore, the purchase price to be paid to the defendants-respondents should be fixed free and clear of any consideration thereof. (*Lewis* v. *Bollinger*, 115 Misc. Rep. 221.) When the option to purchase was exercised in the case at bar by an election to purchase, the relation of landlord and tenant ceased and that of vendor and purchaser in possession arose, since the leasehold estate became merged in the fee, having been extinguished by the superior title. (*Bostwick* v. *Frankfield*, 74 N. Y. 207; *Asche* v. *Asche*, 113 N. Y. 232.)

HUBBS, J. The plaintiff is the owner by mesne assignments of a lease and an option to purchase contained therein. The defendants, excepting William M. Greve, are the owners of the real property leased. He was the original lessee, and his interest in this action is the same as that of the plaintiff.

The lease was for twenty-one years at an annual rental of two thousand dollars, the lessee to pay the taxes and fire insurance premiums. The lease also provided that the lessee should alter and improve the building on the premises, in accordance with plans and specifications to be approved by the landlords, and pay the cost thereof which should not be less than ten thousand dollars. The fourteenth paragraph of the lease reads:

"At any time subsequent to five years from the date hereof, the Tenant or his assigns, may at his option purchase said premises for a consideration to be agreed upon with the Landlords. Should the parties hereto, in such a case, fail to agree upon such consideration, the Landlords and Tenants shall each name one arbiter who shall in turn choose one umpire; the three thus named shall act with promptness; the decision of any two as to a proper consideration for the purchase of said premises shall be binding upon all the parties hereto."

The plaintiff and its assignor made alterations and improvements in the building in accordance with plans and specifications therefor which were approved by the landlords, and paid the cost thereof to the sum of $41,348.71, which was the reasonable value thereof.

Thereafter the plaintiff duly accepted the option to purchase contained in the lease. The parties were unable to agree upon " a proper consideration for the purchase of said premises." An attempt was made to arbitrate the question of " a proper consideration " as provided in the lease. The attempted arbitration failed and the plaintiff commenced this action for specific performance, and asked that the court fix the " proper consideration " to be paid by the plaintiff.

The trial court found that the market value of the premises was $100,000; that the burden of the lease which had sixteen years to run was $30,000, and that the " proper consideration " to be paid by the plaintiff for the premises was $70,000, and judgment was entered accordingly. The Appellate Division found that the " proper consideration " to be paid by plaintiff was $100,000, the market value of the premises without any reduction on account of the burden of the lease, and modified the judgment to that extent. Whether the modification was justified is the only question before this court.

Whether a lease is a burden and an encumbrance of such a nature as to diminish the value of the fee depends

upon whether the rent reserved is more or less than the annual value of the premises. It appears from the testimony of real estate experts in this case that the rent reserved in the lease, $2,000 a year, was $4,000 a year less than a fair return on the market value of the property, which was $100,000, and that the burden and incumbrance of the lease was, therefore, more than $30,000, as the lease had sixteen years to run. The expenditure of $41,348.71 by the plaintiff and its assignor on improvements had increased the rental value of the premises. The plaintiff had a valuable interest in the premises which it could have sold and transferred. If the lessors had desired to sell the premises subject to the lease, they would have been obliged to deduct from the market value of the property the amount of the encumbrance of the lease. (*Clarkson* v. *Skidmore*, 46 N. Y. 297; *Larkin* v. *Misland*, 100 N. Y. 212.)

The acceptance of the option by the plaintiff and its attempt to have the " proper consideration " fixed by agreement or arbitration, did not merge the leasehold estate in the fee.

Whether in equity there is a merger of a lesser estate in a greater, or an equitable in a legal estate, is largely a question of the intention of the parties to be gathered to a great extent from the situation of the parties and the surrounding circumstances. Equity looks at the real intent of the parties and not at the mere external form. (*Sheldon* v. *Edwards*, 35 N. Y. 279; *Bostwick* v. *Frankfield*, 74 N. Y. 207.)

In the absence of an expressed intent, equity will look for and ascertain it from all the circumstances surrounding the parties and the transaction. If it appears to be against the interest of the party acquiring both estates to have a merger take place, then equity will presume that it was his intention that there should not be a merger. (*Smith* v. *Roberts*, 91 N. Y. 470; *Sweet* v. *Henry*, 175 N. Y. 268.)

To permit a merger of the plaintiff's leasehold estate would result in a loss to it of $30,000, the value of the unexpired term of the lease of sixteen years. To permit a merger under such circumstances would be contrary to justice and equity. It would require the plaintiff to lose the value of its lease and pay as much for the premises as a third party would have to pay. Its option would be worthless and the improvements which it had made in reliance thereon would be lost.

The judgment of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in the Appellate Division and in this court.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Judgment reversed, etc.