NASSAU COUNTY TRUST COMPANY, as Administrator, etc., of SHAHEENIE SALEEBY, Deceased, Plaintiff, and NASEEMA SALEEBY, Respondent, Appellant, v. NAZURA D. SALEEBY, Appellant, Respondent, and Others, Defendants. NASSAU COUNTY TRUST COMPANY, as Administrator, etc., of SHAHEENIE SALEEBY, Deceased, and NASEEMA SALEEBY, Respondents, v. NAZURA D. SALEEBY, Appellant, and Others, Defendants. (Consolidated appeals.) — Order dated March 31, 1933, denying defendant's motion for leave to amend her answer or serve an amended answer reversed on the law and the facts, with ten dollars costs and disbursements, and motion granted, without costs. The amended answer is to be served within ten days from the entry of the order herein. In view of the anomalous circumstances and in furtherance of justice, the motion should have been granted. Judgment dated March 31, 1933, reversed on the law and the facts, and a new trial granted, costs to appellant to abide the event. It was error to proceed with the trial in advance of passing on the motion to amend the answer. Erroneous rulings were made on proffered evidence which bore upon the issue of whether or not the real property involved was bought and paid for with money of defendant Nazura D. Saleeby. This testimony, if credited, had a bearing upon the effect of the acts of Shaheenie Saleeby in respect of the deed to Nazura Saleeby. Typical erroneous rulings of this character appear at folios 642, 648–656, 690–691, 735–736, 748, 785. All findings of fact and conclusions of law are reversed, to the end that a new trial may be had in furtherance of justice, under proper amended pleadings. Order of March 31, 1933, granting plaintiffs' motion to compel payment of rent reversed on the law and the facts, with ten dollars costs and disbursements, and motion denied, without costs. This order presupposes the validity of the order of July 30, 1932, reversed herewith. Cross-appeal of plaintiffs from judgment with respect to the failure of the trial court to enter a judgment upon an alleged settlement is without merit. The findings in respect of the alleged settlement had no proper place in the decision. The judgment is properly not based upon such findings. There is no adequate support in the record for such findings of settlement, since there is no signed memorandum of the settlement appearing

in the record nor any stipulation in open court upon the record from which could be determined without dispute what the terms of settlement were and whether or not such terms as had been agreed upon were or were not contingent upon ability to carry them out. The judgment being reversed, the cross-appeal of the plaintiffs is dismissed, without costs. Appeal from order dated April 12, 1933, denying motion to compel plaintiffs to enter judgment, dismissed, without costs. This order presupposed the existence of a valid basis for judgment. The appeal from the judgment (reversed herewith) reveals the contrary on this record. The appeal from the order dated April 21, 1933, denying a motion for a reargument of this motion is dismissed as not appealable. Order dated July 30, 1932, granting plaintiffs' motion for the appointment of a receiver, reversed on the law and the facts. with ten dollars costs and disbursements, and the motion denied, with ten dollars costs. A tenant in common of real property may not have rent from a cotenant in possession of said real property, and a receiver may not be appointed in this form of action for the purpose of taking possession of such real property occupied by such cotenant. The plaintiffs' moving papers disclosed that the defendant on plaintiffs' theory was a tenant in common in possession of real property, and, therefore, an order appointing a receiver in such circumstances was unauthorized. Order of April 17, 1933, conditioning a stay of proceedings herein upon certain specified terms, reversed on the law and the facts, without costs. This order presupposes the continued existence of the order of July 30, 1932, which is reversed herewith. Order dated June 30, 1933, adjudging defendant Nazura Saleeby and the receiver in contempt, reversed on the law and the facts, without costs. This order presupposes the continued existence and validity of the order dated July 30, 1932, which is reversed herewith. Order dated March 31, 1933, denying defendant's motion for a bill of particulars, reversed on the law and the facts, without costs, and the motion granted, without costs. The bill of particulars is to be served within ten days from the entry of the order herein. The defendant was entitled to particulars with reference to the plaintiffs' claims to properly meet them upon the trial. Lazansky, P. J., Kapper, Carswell, Tompkins and Davis, JJ., concur.