ONONDAGA COUNTY SAVINGS BANK, Appellant, *v.* MARKSON BROS., INC., et al., Respondents.

County Court, Onondaga County, March 20, 1941.

*Harold Halverson* for appellant.

*Harold Weisinberg* and *Charles A. Golstein* for respondents.

MALPASS, J. This is an appeal from a judgment of the Municipal Court of the City of Syracuse entered in the office of the Clerk of said court, on the 15th day of July, 1940, dismissing the complaint of the plaintiff, upon its merits, against the defendant Markson Bros., Inc., and awarding to said defendant a judgment in the sum of $49.25 costs. There has been no appeal from the judgment entered in said Clerk's office, on July 17, 1940, dismissing plaintiff's complaint, upon the merits, against the codefendant Charles C. Cook, as sole surviving executor of the last will and testament of Charles E. Crouse, deceased.

The facts are substantially as stated in the opinion of the court below and were largely undisputed.

The decision of this case depends on whether or not the defendant Markson Bros., Inc., under the assumption clause contained in the deed from Charles C. Cook, as executor of Charles E. Crouse, is liable in an action at law for the amount of the unpaid interest accruing after the conveyance to said

defendant, and, also, for moneys advanced by the plaintiff mortgagee for the payment of taxes against the real property covered by plaintiff's mortgage. There is no dispute that there was default in payment of both interest and taxes.

This action to recover installments of interest and moneys advanced for the payment of taxes cannot be maintained against the executor of the Crouse estate, for the only remedy available to the mortgagee against the estate of the deceased or his devisees would be an action to foreclose the mortgage. (*Levy* v. *Comfort,* 257 App. Div. 1037, and cases cited therein.) The trial court properly dismissed the complaint as to the defendant-executor. It does not follow, however, that the mortgagee is likewise restricted in its remedy against a grantee who has assumed the mortgage.

There is no dispute as to the personal liability of Charles E. Crouse, the testator, during his lifetime to pay the mortgage debt according to its terms. He died in 1922, and in his will gave his executors authority over his real property in the following language, " I hereby fully authorize and empower them or their successors to sell and convey and lease until sold any and all real estate owned by me at the time of my decease, upon such terms and in such manner as they shall deem for the best interests of my estate, and give good and ample deeds of conveyance therefor." One of the executors named in the will died in 1925, and the surviving executor conveyed the property to the defendant Markson Bros., Inc., by deed, dated and recorded February 18, 1926. This deed contained the following words with reference to the mortgage against the property held by the plaintiff: " This conveyance is made subject to a mortgage held by the Onondaga County Savings Bank upon which there is unpaid the sum of Seventeen thousand ($17000.) Dollars with interest thereon from January 1, 1926, which said mortgage the party of the second part assumes and agrees to pay as part of the consideration hereof." The pivotal question upon which the decision in this case turns is : What was the liability assumed by the defendant upon the acceptance of the conveyance from the executor with knowledge of the assumption clause therein? There has been no claim asserted that the defendant did not have such knowledge.

It is the contention of the defendant-respondent, and the trial court has held, that because plaintiff was limited in its remedy against the executor to an action for the foreclosure of the mortgage and the recovery of a judgment for any deficiency, the plaintiff is likewise limited in its remedy against the execu-

tor's grantee, Markson Bros, Inc. I do not agree with this conclusion. The deed to Markson Bros., Inc., was executed and delivered in February, 1926, which was over four years prior to the settlement of the estate of Charles E. Crouse, so that at the time of the delivery of the deed to Markson Bros., Inc., the Crouse estate would have been liable for a deficiency judgment in the event of the foreclosure of the mortgage. (*Matter of Burrows,* 283 N. Y. 540, 545.) The limitation by which a mortgagee is required to bring an action in foreclosure before attacking the personal estate of a decedent arises from the enactment of what is now section 250 of the Real Property Law, which has been held to make the real property of a decedent the primary fund from which the judgment of the mortgage debt must be exacted before resort be had to the decedent's personal estate. The reasons for the enactment of this statute have been discussed in several cases, and, as late as *Matter of Burrows* (*supra*), the Court of Appeals has again indicated the reason for this statute. This statute does not, in my opinion, limit or restrict in any manner the power of an executor to convey the real property of his testator and bind the grantee for the payment of the mortgage debt in the same manner and by the same language in the deed as could any other grantor. The words of assumption contained in the deed in this case are clear and explicit and constitute an unqualified assumption of, and agreement to pay, the mortgage debt. It is, of course, necessary that this assumption agreement be based upon a good consideration. The consideration here was the conveyance of the real property. It is also true there must be some liability on the part of the grantor to pay the debt (*Vrooman* v. *Turner,* 69 N. Y. 280), and there was liability of the personal estate of the decedent to pay a deficiency judgment. Liability for a deficiency judgment has been held sufficient liability to support an assumption agreement similar to the one involved herein. In *Thorp* v. *Keokuk Coal Company* (47 Barb. 439, affd. 48 N. Y. 253) the bond, to secure the payment of which the mortgage was given, contained the following clause: " It being expressly understood and agreed, that in case of default in the payment of interest or principal on the bond, that in such case recourse must first be had to the property described in said mortgage, by foreclosure and sale under said mortgage and bond, and that the above obligors shall only be answerable for any deficiency of the mortgage debt after such foreclosure and sale." The defendant acquired the property by deed in which it assumed payment of the mortgage. The action was brought to recover a judgment

for the amount of the debt without taking any proceedings for the foreclosure of the mortgage. A judgment for the plaintiff was unanimously affirmed. *Thorp* v. *Keokuk Coal Company* (*supra*) has been cited many times; in *Vrooman* v. *Turner* (*supra*, p. 285) the Court of Appeals said: "In *Burr* v. *Beers*, (24 N. Y., 178), and *Thorp* v. *Keokuk Coal Co.*, (48 N. Y., 253), the grantor of the defendant was personally liable to pay the mortgage to the plaintiff, and the cases were therefore clearly within the principle of *Lawrence* v. *Fox* ". *Lawrence* v. *Fox* (20 N. Y. 268) is a leading case to the effect that a person who, for a good consideration, makes a promise to one person for the benefit of a third party, may be sued directly by the third party. The principle laid down by this case (*Lawrence* v. *Fox*) has frequently been the subject of judicial discussion, and has been approved in many opinions. In *McClare* v. *Mass. Bonding & Ins. Co.* (266 N. Y. 371, 379) the court said: " Starting with the decision in *Lawrence* v. *Fox* (*supra*), permitting a recovery by a third party beneficiary, the courts have tended to permit a recovery where there was revealed a clear intention in the obligation so to do. The requirement of some obligation or duty running from the promisee to the third party beneficiary has been progressively relaxed until a mere shadow of the relationship suffices, if indeed it has not reached the vanishing point." In *Ultramares Corp.* v. *Touche* (255 N. Y. 170, 180) Judge CARDOZO, writing for the court, said: " The assault upon the citadel of privity is proceeding in these days apace. * * * In the field of the law of contract there has been a gradual widening of the doctrine of *Lawrence* v. *Fox* (20 N. Y. 268), until today the beneficiary of a promise, clearly designated as such, is seldom left without a remedy (*Seaver* v. *Ransom*, 224 N. Y. 233, 238)." *Thorp* v. *Keokuk Coal Company* (*supra*) has never been overruled by any case to which my attention has been called but on the contrary has been cited with approval by the Court of Appeals in several recent cases (*Kmetz* v. *De Ronde*, 231 N. Y. 641; *Kottler* v. *New York Bargain House, Inc.*, 242 N. Y. 28, 31). In the case of *Thorp* v. *Keokuk Coal Company* (*supra*, p. 259) the court said, " There is nothing, however, in the contract of the defendant, by which the mortgage is assumed, stipulating for any benefit as to the order in which the holder of the mortgage may take his remedies to obtain payment. Had the defendant claimed any such right, it might have been secured, by assuming the deficiency only to arise after a foreclosure and sale. The contract is different, however. It assumes the whole debt."

It would thus seem clear that the defendant Markson Bros., Inc., by reason of its assumption, without qualification, of the mortgage and its agreement to pay the same became liable to the same extent as though it were the original mortgagor. (*Futherer* v. *Agnew*, 24 N. Y. S. 2d 273, affd. 261 App. Div. 876; *Bowen* v. *Beck*, 94 N. Y. 86, 89.)

A mortgagor is liable in an action at law for unpaid interest and moneys advanced by the mortgagee for the payment of taxes on the property covered by the mortgage despite the provisions of the so-called moratorium law. (*Johnson* v. *Meyer*, 242 App. Div. 798, affd. 268 N. Y. 701; *Rochester Trust and Safe Deposit Co.* v. *Hatch*, 273 N. Y. 507, motion for reargument denied 273 N. Y. 581.)

The grantee in a deed who has assumed and agreed to pay a mortgage on the real property conveyed to him is liable in such an action (*Clonick* v. *Gordon*, 11 N. Y. S. 2d 703). Likewise a guarantor of the payment of a mortgage has been held liable in such an action (*Weinstein* v. *Empire Title & Guarantee Co.*, 257 App. Div. 867).

The judgment of the Municipal Court should be reversed, and a judgment granted to the plaintiff for the amount advanced by plaintiff for the payment of the defaulted taxes, with interest thereon from the date when the money was advanced, and in addition the amount of interest due at the time of the commencement of the action, together with costs.