■ In the Matter of LENA KLEIN, as Administratrix of the Estate of SAMUEL KLEIN, Deceased, et al., Respondents, v. ROBERT E. HERMAN, as State Rent Administrator, Appellant, and LENA GOLDSTEIN, Intervenor-Appellant.— In a proceeding under article 78 of the Civil Practice Act to review and annul the State Rent Administrator's determination decontrolling two apartments, the Administrator and the landlord Lena Goldstein (as intervenor) appeal from an order of the Supreme Court, Kings County, dated April 4, 1961, which annulled such determination and which declared said apartments to be subject to rent control. Order affirmed, with costs payable by the State Rent Administrator. It is undisputed that petitioners occupied the apartments and from 1932 paid rent to Mollie Klein who died in 1952, seized of the premises. Thereafter petitioners continued to pay the rent, first to the Mollie Klein estate and finally, to Lena Goldstein, the present landlord. Mollie Klein (by her will) left fractional interests in the premises to Samuel Klein (who has died *pendente lite*), and to the wife of the petitioner Meltzer. In 1959, title was conveyed by the estate to Abe and Yetta Klein and then to the present landlord. Both conveyances were expressly subject to petitioners' rights as tenants. They were made pursuant to contracts which set forth their occupancy at the legal maximum rents and which also represented that, for two years prior to her death, the said

Mollie Klein had occupied a third apartment. In our opinion, the order of Special Term was properly made. The statute (Emergency Housing Rent Control Law, § 2, subd. 2, par. [h]; L. 1946, ch. 274, as amd.) when viewed in the light of its purposes to benefit owner-occupants and not to prejudice persons in possession at the time of its passage (*Matter of Capone* v. *Weaver*, 6 N Y 2d 307) does not deprive petitioners of their election to continue their occupancy as tenants despite the vesting of the higher property interest (see *Rae Co.* v. *Courtney*, 250 N. Y. 271; *Sweet* v. *Henry*, 175 N. Y. 268; cf. *Bostwick* v. *Frankfield*, 74 N. Y. 207). There is no question that such an election was here made. It is evidenced by the fact that petitioners continued throughout the periods in question to pay rent. Such payment of rent is not required of a tenant in common either by reason merely of his occupancy (*Matter of Grace*, 138 Misc. 348, 351, affd. 232 App. Div. 785), or by reason of the form in which his title was conveyed or agreed to be conveyed. This holding in no way contradicts our rulings in *Matter of Davis* v. *Weaver* (1 A D 2d 975) and *Matter of Woolcock* v. *Weaver* (2 A D 2d 864) where decontrol was not (as here) being sought over the objection of fractional owners who had elected to remain in possession as rent-paying tenants. Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.