Cooke, J.
Plaintiff Raymond Jemzura instituted this action to foreclose a mortgage in the face amount of $10,000 on a hundred-acre farm in Madison County. The mortgage was executed on August 17, 1954 by John Jemzura in favor of defendant George Jemzura, who assigned it on June 17, 1964 to plaintiff. On May 1, 1963, $500 was paid by John Jemzura on account of the mortgage indebtedness. Later that month, John died intestate so that his children, the plaintiff and defendants Gorton, Griffin and George Jemzura, all became tenants in common of the farm, apparently decedent’s only asset. Defendant Gorton deeded her interest in the premises to *499 defendant Griffin and defendant George Jemzura defaulted in answering and appeared at trial as plaintiff’s witness, leaving Griffin as the only true defendant.
Except for a period when in the service, Raymond lived on the farm practically all his life. Since the father’s death, he alone resided on the property, where he kept a vegetable garden for his own use, cut some hay, collected a small amount of maple syrup and stored some stove wood in a farm building.
Trial Term stated that plaintiff at all times herein had exclusively retained possession of the premises; that there was no claim or evidence that rent was ever paid by or demanded of plaintiff; that beginning in 1964 plaintiff paid the taxes ($2,128.69) on the premises, except for two years which were due and owing at the time of trial; and that plaintiff never requested contribution from the cotenants for their share of the taxes, mortgage principal or interest. It found, discernible to equity on the acts and conduct of the parties, an implied agreement by the parties that plaintiff was to pay the taxes, maintain the premises and waive interest on the net mortgage debt in return for his possession, use and occupancy of the premises. It held that the mortgage was valid and enforceable and found that the principal balance due thereon, after deducting the $500 payment, three $100 payments barred by the Statute of Limitations and plaintiff’s own share of the mortgage debt (as a co tenant in common and found to be waived by him) was in the sum of $6,600. The Appellate Division affirmed without opinion.
The judgment entered decrees "that the plaintiff herein have judgment against all of the defendants for the sum of $6,600.00 with interest thereon from the date of entry of this judgment,” and orders that the first, second and fourth defenses and counterclaims of defendant Griffin’s answer be dismissed. The third counterclaim, seeking an accounting of the amount to be credited on the mortgage debt by virtue of plaintiff’s use of the premises, was not dismissed. Briefly and among other things, the judgment contains customary clauses in regard to sale of the premises by a named referee, payments of taxes which may become liens at the time of sale, the deposit of the balance of the proceeds of sale and the payment of the referee’s fees, expenses of sale and $425.45 costs and disbursements to plaintiff or his attorney and "also the sum of $6,600.00, the amount so reported due as aforesaid *500 together with the legal interest thereon from the date of entry of this judgment or so much thereof as the purchase money of the mortgaged premises will pay of the same.”
EPTL 3-3.6 entitled "Encumbrances on property of decedent or on proceeds of insurance policy on life of decedent not chargeable against assets of decedent’s estate”, as it presently reads, became effective on September 1, 1967 (L 1967, ch 472, § 2; as amd by L 1967, ch 686, § 21; see L 1966, ch 952). Said section provides in part:
"(a) Where any property, subject, at the time of decedent’s death, to any lien, security interest or other charge * * * passes to a distributee * * * the personal representative is not responsible for the satisfaction of such encumbrance out of the property of the decedent’s estate, except as provided in SCPA 1811 * * * .
"(b) Any such encumbrance is chargeable against the property of the decedent * * * subject thereto. Nothing in this section imposes upon a * * * distributee * * * any personal liability for the payment of the debt secured by such encumbrance.
"(c) Where any lien, security interest or other charge encumbers:
"(1) Property passing to two or more persons, the interest of each such person shall, only as between such persons, bear its proportionate share of the total encumbrance.”
Thus, at the present time under said section, a distributee, not having executed the bond and mortgage nor having assumed or agreed in some fashion to pay the indebtedness (see Schwartz v Cahill, 220 NY 174, 178; Smith v Cornell, 111 NY 554, 558-559; Belmont v Coman, 22 NY 438; Levy v Comfort, 13 NYS2d 845, 847, affd 257 App Div 1037), would not be personally liable for the underlying mortgage debt.
EPTL 3-3.6 re-enacts, without substantive change, section 20 of the Decedent Estate Law (see NY Legis Doc, 1965, No. 19, Report No. 8.2.3A, pp 390-422; Practice Commentary by Samuel Hoffman, McKinney’s Cons. Laws of NY, Book 17B, pp 350-351, under EPTL 3-3.6), the latter of which was completely revamped in 1965, effective September 1, 1974 (L 1965, ch 588), and, in the process, section 250 of the Real Property Law was repealed and its general content embraced (1965 McKinney’s Session Laws of New York, p 838). Said section 250, as amended by chapter 265 of the Laws of 1946, effective *501 March 30, 1946, and entitled "Mortgages and other charges on real property inherited or devised”, provided in pertinent part: "Where real property, subject to a mortgage executed by any ancestor * * * descends to a distributee * * * such distributee * * * must satisfy and discharge the mortgage * * * out of his own property, without resorting to the * * * administrator of his ancestor * * * Where such real property is distributed * * * to two or more persons, the interest in the real property so distributed * * * to each of these persons shall, as between such distributees * * * bear its proportionate share of the total mortgage”. Prior to the enactment of section 20 of the Decedent Estate Law and- EPTL 3-3.6, it was held uniformly that section 250 of the Real Property Law created no personal liability on the part of a distributee and that the section merely contemplated that the liability of the distributee should be measured by and not exceed the value of the property which descended to him and should be determined only after the mortgagee resorted to foreclosure and had reduced his claim to a deficiency judgment (Mutual Life Ins. Co. of N. Y. v Weil, 278 App Div 238, 240, affd 304 NY 569; Levy v Comfort, 13 NYS2d 845, supra; Satchell v De Veer, 52 NYS2d 594; Doyle v Graves, 172 Misc 838, 841; cf. Seamen’s Bank for Sav. v Smadbeck, 293 NY 91, 97; see Olmstead v Latimer, 158 NY 313, 317; Hauselt v Patterson, 124 NY 349, 356-358; 4 ALR3d 1023, 1051-1053).
The effect of EPTL 3-3.6, as well as that of said precursor sections, upon real property subject to a mortgage executed by an ancestor or testator and which descends to a distributee or passes to a testamentary beneficiary, is to make the mortgaged premises, as between the distributee or testamentary beneficiary and in the absence of a different testamentary direction, the primary source for payment of the mortgage debt (Matter of Burrows, 283 NY 540, 544; Mutual Life Ins. Co. of N. Y. v Weil, supra). The holder of the mortgage is required to first proceed against the real property by instituting an action to foreclose the mortgage (Emigrant Ind. Sav. Bank v New Rochelle Trust Co., 267 App Div 124, 126, mot for lv to app den 292 NY 724; Emigrant Ind. Sav. Bank v New Rochelle Trust Co., 38 NYS2d 193, affd 266 App Div 1021, mot for lv to app den 292 NY 724; Onondaga County Sav. Bank v Markson Bros., 182 Misc 954, affd 263 App Div 794).
Entry of a judgment of foreclosure and sale results in extinguishing the title or interest of the distributee or testa *502 mentary beneficiary in the mortgaged premises (Buckley v Beaver, 99 Misc 643, 645, affd 182 App Div 888). If the foreclosure sale results in a deficiency, then a deficiency judgment may be entered against the personal estate of the deceased obligor, such as a mortgagor, a grantee who had assumed the mortgage or a guarantor of the mortgage debt, and the amount thereof may be recovered out of the assets of the estate (Olmstead v Latimer, 158 NY 313, 317, supra; New Rochelle Trust Co. v Hinton, 9 NYS2d 861, affd 256 App Div 724; Matter of Coston, 172 Misc 494, 496-497; see Real Property Actions and Proceedings Law, § 1371). The primary liability for payment of the deficiency judgment rests upon decedent’s estate (Matter of Burrows, supra; Mutual Life Ins. Co. of N. Y. v Weil, supra; cf. Equitable Life Assur. Soc. of U. S. v Wilds, 184 App Div 435, 439-440), and, if there is insufficient property of the estate available in the hands of the personal representative to satisfy the deficiency judgment, then it may be collected from the distributees and testamentary beneficiaries to the extent of the value of any property received by them as such (EPTL 12-1.1; Practice Commentary by Samuel Hoffman, McKinney’s Cons. Laws of NY, Book 17B, EPTL 12-1.1, pp 319-320; 38 NY Jur, Mortgages and Deeds of Trust, § 233; see EPTL 12-1.3). Accordingly, the instant judgment, insofar as it awards a personal judgment in favor of plaintiff and against defendants is in error.
The doctrine of merger has never been especially favored in equity (Dunkum v Maceck Bldg. Corp., 256 NY 275, 281; Smith v Roberts, 91 NY 470, 475) and, to be applied, the greater and lesser estate must generally be in one and the same person, at one and the same time and in one and the same right (Curtis v Moore, 152 NY 159, 165; Goff v Lewis, 251 App Div 919; Matter of Nochomov, 206 Misc 290, 292). Here, there was no merger since, when the owner of a mortgage becomes a distributee, or testamentary beneficiary, and thereby a tenant in common of an undivided interest in the mortgaged realty, the two estates do not become united so as to discharge any portion of the mortgaged debt (Clark v Rowell, 163 Misc 777, 781; Delaware Nat. Bank of Delhi v Wiss, 158 Misc 276, 280). There being no partial merger, the whole amount of $9,200 remains due on the mortgage.
Ordinarily, it would be inequitable to permit one cotenant, without the consent of the others, to purchase and retain exclusively for himself any outstanding adverse title to or *503 encumbrance against the common property (Thayer v Leggett, 229 NY 152, 157-158; Carpenter v Carpenter, 131 NY 101, 109; Peck v Peck, 110 NY 64, 73-74; Allen v Arkenburgh, 2 App Div 452, affd 158 NY 697; Van Horne v Fonda, 5 Johns Ch 388, 407; 13 NY Jur, Cotenancy and Joint Ownership, §45). The circumstances of this case do not fall within this rule, however, since the mortgage, which was purchased for value by plaintiff, was one already held by another cotenant who took same from the common ancestor prior to death. It made little or no difference whether one rather than the other of the cotenants owned this pre-existing mortgage, the essential status of ownership did not change and no prejudice was created by the transfer (see Sweetland v Buell, 164 NY 541, 551; Roffe v Yerington Realty & Bldg. Co., 260 App Div 4, app dsmd 287 NY 762).
A tenancy in common exists when there is a unity of possession (Taylor v Millard, 118 NY 244, 249; Tilton v Vail, 42 Hun 638, 640, app dsmd 110 NY 681), and a tenant in common has the right to take and occupy the whole of the premises and preserve them from waste or injury, so long as he or she does not interfere with the right of a cotenant to also occupy the premises (Valentine v Healey, 158 NY 369, 374; Wood v Phillips, 43 NY 152, 157; Johnson v Depew, 38 AD2d 675, app dsmd 30 NY2d 565; Kristel v Steinberg, 188 Misc 500, 514). It follows that the occupancy by one of several tenants in common of an estate of itself does not make the occupant liable to the cotenant for rent of the premises or for use and occupation (Matter of Klein v Herman, 17 AD2d 652, mot for lv to app den 17 AD2d 742; Nassau County Trust Co. v Saleeby, 240 App Div 900; Adams v Bristol, 126 App Div 660, 662, affd 196 NY 510; Matter of Grace, 138 Misc 348, 351; affd 232 App Div 785), so long as he does not exclude the other cotenants from the exercise of similar rights (Zapp v Miller, 109 NY 51, 57-58; Egan v Sweeney, 50 Misc 2d 345, affd 27 AD2d 644, mot for lv to app den 19 NY2d 580; Matter of Hazley, 166 Misc 745, 748).
Here, we have findings by the Trial Term, undisturbed by the Appellate Division, that plaintiff, at all times herein, exclusively retained possession of the premises, and that there was an implied agreement among the parties that plaintiff was to pay the taxes, maintain the premises and waive interest on the net mortgage debt, in return for his possession, use and occupancy of the premises. A contract implied in fact may *504 result as an inference from the facts and circumstances of the case, although not formally stated in words (Miller v Schloss, 218 NY 400, 406; Wells v Mann, 45 NY 327, 331), and is derived from the "presumed” intention of the parties as indicated by their conduct (Martin v Campanaro, 156 F2d 127, 129, cert den 329 US 759). It is just as binding as an express contract arising from declared intention, since in the law there is no distinction between agreements made by words and those made by conduct (Matter of Ahern v South Buffalo Ry. Co., 303 NY 545, 560, 561, affd sub nom. South Buffalo Ry. Co. v Ahern, 344 US 367). A waiver on the part of the promisee of a legal right is sufficient consideration (Ryerson & Son v O’Donnell, 279 NY 109, 115; Hamer v Sidway, 124 NY 538, 545), and the agreement heretofore found (see City of New York v Third Ave. Ry. Co., 294 NY 238, 243) involved waivers of this variety, as well as affirmative acts. Plaintiff had the right of occupancy of the entire premises subject to the same right vested in the cotenants. The waiver of said right constituted consideration on the part of the cotenants. Likewise, the waiver by plaintiff of his claim for contribution for the payment of taxes and for interest payments constituted his consideration for the agreement.
Since there was no merger, and consequently no extinguishment of principal of the mortgage debt or part thereof, proceedings towards the foreclosure sale should continue. In the event of a deficiency, plaintiff may be advised to secure a deficiency judgment against the estate of the deceased mortgagor and, should there be insufficient assets available in the hands of the personal representative, if any, to satisfy the deficiency, then recourse may be taken against decedent’s distributees, except for plaintiff (see Olmstead v Latimer, 158 NY 313, 322, supra), to the extent of the value of the property received by them. The maximum liability to which any distributee is subject would be his ratable obligation under the statute. (See EPTL 3-3.6, subd [c], par [1]; 12-1.1; 12-1.3.)
The order appealed from should be modified by striking so much of the first decretal paragraph of the judgment as is in favor of plaintiff against defendants personally in the amount of $6,600 and by substituting therefor an adjudication for the amount of $9,200 as being due on the bond and mortgage, as well as by substituting the amount of $9,200 for the amount of $6,600 as set forth in the third numbered provision of the *505 third decretal paragraph, and, as so modified, said order is affirmed.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur.
Order modified, with costs to appellant, in accordance with the opinion herein and, as so modified, affirmed.