In the Matter of the Estate of PAULINE SPYTKO, Deceased. STEP-

HEN SPYTKO, as Coexecutor of PAULINE SPYTKO, Deceased, Appellant; MICHAEL SPYTKO et al., Respondents.—Appeal from a decree of the Surrogate's Court of Otsego County, entered October 9, 1974, which dismissed a petition for discovery of property allegedly withheld from decedent's estate, and determined that the business and personal property of the New Charles Hotel was the business and personal property of respondent Michael Spytko. Respondent, Michael Spytko, on September 9, 1946, became owner of a one-half interest of the New Charles Hotel and the business conducted thereon. The other one-half interest was acquired on that date by John and Ann Garbera, the three purchasers having received a deed to the realty and a bill of sale for the business assets. In August of 1949, a transaction was entered into between the Garberas on one side and Stephen and Pauline Spytko, parents of Michael, on the other side, in which certain interests of the Garberas were conveyed to the elder Spytkos. The interest of Stephen Spytko passed to his wife by testamentary disposition, and is now the subject of this dispute to determine the assets of Pauline Spytko's estate. Petitioner-appellant contends that the Garberas transferred their interest in both the realty and the business to the elder Spytkos, and John Garbera so testified. Respondent contends, however, that the Garberas conveyed only their interest in the realty to Stephen and Pauline Spytko but conveyed their interest in the business itself to him for $3,000. The deed from the Garberas to the elder Spytkos clearly refers only to the real property and no bill of sale for the business assets was produced by either party. Respondent produced a check, payable to the Garberas, in the amount of $3,000. John Garbera testified that he received no such payment and that his and his wife's indorsements thereon were forgeries. One Evans, an employee of the State Bank of Albany where the Garberas admittedly had an account, produced a signature card with the signatures of John and Ann Garbera and testified that the card would not have been let out of the bank for an individual to sign unless the party was known. He testified that in the course of his employment he compares handwriting daily and gave his opinion that the signatures on the card and the indorsements on the check had been written by the same persons. One O'Connell, also a bank officer with experience in comparing handwriting, expressed the same view. On July 22, 1946 Michael Spytko and John Garbera had filed a certificate of doing business as New Charles Hotel, but after December 24, 1948 a certificate of doing business as New Charles Hotel had been filed by respondent alone. There was also some testimony that Pauline Spytko occasionally served sandwiches and did some cleaning work at the hotel, but there was a conflict in the testimony as to whether cash payments to her were rendered for her one-half interest in the realty or were profits from the business. We reject petitioner-appellant's contention that the finding of the Surrogate that petitioner-appellant had failed to meet the burden of establishing decedent's ownership of one half of the business was contrary to the weight of the evidence. The burden of proof on this issue was correctly placed upon the petitioner-appellant, and the presumption of continuance relied on by petitioner-appellant can not be invoked where the question of whether decedent ever had ownership of the business is the very issue to be determined. Even if we assume without deciding that respondents' evidence was not clear and convincing, there is no basis on the present record for overturning the holding of the Surrogate that petitioner-appellant's evidence was equally inconclusive, wherefore petitioner-appellant did not meet his burden of proof. Petitioner-appellant contends that the Surrogate erred in admitting into evidence the signature card and allowing

a handwritten comparison. We disagree. Under CPLR 4536 a writing may be used as a standard for comparison with a disputed writing if the former is proved "to the satisfaction of the court" to be that of the person claimed. Here, John Garbera admitted that a signature card containing his signature was on file with the State Bank of Albany, and in the absence of any indication whatsoever that the card which was offered in evidence was not the card which he and his wife had filed, the Surrogate was entitled to receive it as a proper standard for comparison of the signatures of the Garberas. We also reject the contention that it was improper to permit Evans and O'Connell to express their opinion. "Respecting handwriting, bank tellers and officers, and others whose daily business and duties compel them to scrutinize and examine writings, are always allowed to testify as experts, and they may aid the jury in the comparison in a proper case. * * * It must of necessity rest in the main with the trial judge to determine whether a particular witness has the essential qualifications". *(People v Flechter,* 44 App Div 199, 210–211). Petitioner-appellant also contends that he was improperly deprived of his right to a jury trial. Petitioner-appellant does not dispute that under SCPA 502 a petitioner must serve and file a demand for a jury within six days after service upon him of respondent's answer. He merely argues that his attorney had been given to understand by the Surrogate that a jury trial would be had. This contention has no support in the record, particularly when viewed against a statement by said attorney at the opening of the hearing admitting that he had been specifically advised by the Surrogate to make and file a demand for jury trial. We have examined the other contentions raised by petitioner and find them to be without merit. Decree affirmed, without costs. Herlihy, P. J., Greenblott, Kane, Main and Reynolds, JJ., concur.