■ In the Matter of the Estate of PAULINE SPYTKO, Deceased. JOSEPH SPYTKO, as Coexecutor of PAULINE SPYTKO, Deceased, et al., Respondents; STEPHEN SPYTKO, Appellant.—Appeal from a decree of the Surrogate's Court of Otsego County, entered January 21, 1976, and from an amended decree of that court, entered February 26, 1976, which approved the amended intermediate accounting of Joseph Spytko, coexecutor of the estate of Pauline Spytko, deceased. Michael Spytko and his mother, Pauline Spytko, owned certain commercial real property in the Village of Richfield Springs, Otsego County, New York, as tenants in common (see *Matter of Spytko,* 50 AD2d 645). Pauline Spytko died on July 4, 1973 and her interest in this real property was ultimately conveyed by her coexecutors, appellant Stephen Spytko and respondent Joseph Spytko, to Michael Spytko on November 27, 1974. Upon the trial of certain objections to an intermediate accounting before the Surrogate, appellant sought to enforce a claim for rent on behalf of the estate against Michael Spytko from the date of decedent's death to the date of the sale. The Surrogate found that prior to decedent's death Michael Spytko had made certain payments to his mother from moneys obtained from the operation of a bar and restaurant business on the premises in question. However, he also found that the evidence did not support a conclusion that any agreement had existed between Michael Spytko and his mother for the use and occupancy of her undivided one-half interest in the premises, but that, instead, they had lived there in complete

compatibility without any ouster of one by the other. We agree. Under such circumstances, there could be no liability for rent by one cotenant to the other, nor could the executors of the estate of a deceased cotenant acquire such right which would be superior to that of the decedent *(Jemzura v Jemzura,* 36 NY2d 496). Decrees affirmed, with costs to respondents payable out of the estate. Koreman, P. J., Greenblott, Kane, Main and Herlihy, JJ., concur.