In the Matter of the Accounting of ISABEL NICHOLS, as Executrix of LEO P. BURROWS, Deceased, Respondent.

RALPH E. PRIME, JR., et al., as Trustees under the Will of RALPH E. PRIME, Deceased, Appellants.

Argued April 9, 1940; decided July 24, 1940.

*Francis J. Duffy, Ralph Earl Prime, Jr.,* and *William C. Prime* for appellants. Appellants were entitled to the relief sought against the estate of the deceased. (*Prime v. Nichols,* 252 App. Div. 446; *Matter of Bowes,* 164 Misc. Rep. 190.) The appellants have an absolute right to elect whether they will hold and enforce their collateral security or will waive and surrender it to the legal representative of their deceased debtor. (*Marshall* v. *Davies,* 78 N. Y. 414; *Matter of Bowes,* 164 Misc. Rep. 190.) The order or decree of March 2, 1938, was properly an intermediate

order only and as such reviewable on appeal with the final decree. (*Matter of Callahan*, 139 N. Y. 51.)

*Paul L. Bleakley* for respondent. The motion to dismiss the appeal from the decree of March 2, 1938, was properly granted. (*Matter of Merllo*, 152 Misc. Rep. 435; *Matter of Lichtman*, 148 Misc. Rep. 228.) The appellants must proceed in the first instance against the real property. (*Matter of Hun*, 144 N. Y. 472; *Pease* v. *Egan*, 131 N. Y. 262; *Matter of Dusenbery* v. *Bragg*, 241 App. Div. 553; *Matter of Horner*, 149 Misc. Rep. 695; *Matter of Dell*, 154 Misc. Rep. 216; *Matter of Rosenbaum*, 157 Misc. Rep. 316; *Johnson* v. *Corbitt*, 11 Paige's Ch. 265.)

Conway, J. The appellants are trustees under the will of one Ralph E. Prime, deceased, and shall be referred to hereafter as trustees. Ralph E. Prime had been the holder of a bond and first mortgage. Payment of the bond had been assumed by William F. Burrows by extension agreements entered into between him and trustees. Thereafter William F. Burrows died and his entire estate passed under his will to Leo Placid Burrows, his sole executor, legatee and devisee. The administration of William F. Burrows' estate had not been completed nor had the proceeds been paid to Leo Placid Burrows when the latter died and the assets of both estates have since been administered by respondent, the executrix under the will of Leo Placid Burrows, as one estate. There are sufficient assets in the estate of Leo Placid Burrows coming from the estate of William F. Burrows to pay the debt.

The trustees seek payment of the bond and mortgage which is past due. To the final account of the executrix, trustees filed objections to her refusal to allow and pay it. The Surrogate dismissed the objections, treating the claim as one contingent upon the amount of a deficiency judgment which might be recovered in a foreclosure action pursuant to section 1083-a or section 1083-b of the Civil Practice Act. To ascertain that sum the Surrogate took testimony, offered on behalf of respondent only, to determine the fair and

reasonable market value of the mortgaged property which could at some future date be set off against the amount due on the bond under section 1083-b or deducted under section 1083-a. Finding such value to be greater as of September 13, 1938, than the amount due, the Surrogate directed the distribution of the estate without payment of the debt and without reservation of any sum for future payment of a possible deficiency judgment.

The trustees are entitled to such a reservation of moneys. Section 207 of the Surrogate's Court Act provides in part as follows: " Whenever at the death of any person there shall be a contingent or unliquidated claim against his estate, or an outstanding bond, recognizance or undertaking upon which the deceased shall have been principal, surety, or indemnitor and on which at the time of his death the liability is still contingent or unliquidated, a claimant or a surety shall have the right to file with the executor or administrator of the estate of the deceased on or before the day named in the notice provided for in this section, an affidavit setting forth the facts upon which such contingent or unliquidated liability is based and the probable amount thereof, and there shall be no distribution of the assets of said estate without the reservation of sufficient moneys to pay such contingent or unliquidated claim when the amount thereof is finally determined. * * * If such contingent or unliquidated claim has not become so fixed and liquidated, the decree on a final accounting shall direct that a sum sufficient to satisfy the claim, or the proportion to which it is entitled, be retained in the hands of the accounting party for such period or periods as the court may deem proper for the purpose of being applied to the payment of such claim when fixed and liquidated; and that so much of such sum as is not needed for such purpose be afterwards distributed according to law."

Section 1083-a of the Civil Practice Act has no application in this proceeding. By its terms it applies only to actions. (See Civ. Prac. Act, § 7, subd. 8.) It will become applicable, however, in view of the death of William F. Burrows and

the applicable provisions of section 250 of the Real Property Law (Cons. Laws, ch. 50).

Originally the common law rule, in case of the devise of real property subject to a mortgage, was that the personalty of the testator was the primary fund for the payment of the debt. (Fowler's Real Property Law [3d ed.], § 250.) That rule was changed in this State by the Revised Statutes (1 R. S. [2d ed. 1836] p. 740, § 4.) Section 4 is as follows: " Whenever any real estate, subject to a mortgage executed by any ancestor or testator, shall descend to an heir, or pass to a devisee, such heir or devisee shall satisfy and discharge such mortgage, out of his own property, without resorting to the executor or administrator of his ancestor, unless there be an express direction in the will of such testator, that such mortgage be otherwise paid."

The original Revisers' note reads as follows (3 R. S. [2d ed. 1836] p. 600, § 5): " Where the testator or intestate has given a bond or other personal security for a mortgage debt, and probably in all cases where a mortgage is given to secure the payment of money, the personal estate, by the existing law, is the primary fund for the payment of the debt, and the heir or devisee may throw the charge upon the personal representatives. (See all the cases collected by Chancellor KENT, in *Cumberland* v. *Codrington*, 3 Johns. Ch. R. 229.) This rule of law is unknown to the generality of our citizens. The received opinion is, that the land is first liable for the debt; and it can hardly be doubted that the intentions of testators have frequently been defeated by the operation of the rule. It is, therefore, submitted, whether it ought not to be abrogated."

The statute, as so enacted, has been continued substantially in the same form to date and is now section 250 of the Real Property Law. The mortgaged property is now the primary fund from which payment of the bond is to be sought before resort may be had to the executrix of the testator, unless there be a contrary express intention in the will. (*Hauselt* v. *Patterson*, 124 N. Y. 349; *Erwin* v. *Loper*, 43 N. Y. 521, 525; *Rice* v. *Harbeson*, 63 N. Y. 493; *Matter of Glacius* v. *Fogel*, 88 N. Y. 434.)

The trustees must, therefore, proceed first against the real property. If a sale of the real property satisfies the debt, the trustees have been paid in full. If it does not, then in the foreclosure action brought to reach the land, application may be made for leave to enter a deficiency judgment upon proper notice under section 1083-a of the Civil Practice Act, following foreclosure sale and delivery of deed. If such application be granted, then the trustees may resort to the executrix for payment of the amount of such judgment. In the meantime, there is the clear command of the statute that " * * * there shall be no distribution of the assets of said estate without the reservation of sufficient moneys to pay such contingent or unliquidated claim when the amount thereof is *finally* determined." That will be after hearing has been sought and had under section 1083-a of the Civil Practice Act and an order entered thereon directing the entry of a deficiency judgment. Such reservation of moneys must be made by the executrix and it must necessarily continue until (a) the expiration of the emergency period, or (b) the lapse of a reasonable time after the trustees have the right to foreclose the mortgage within the permissive provisions of the moratorium statutes and to continue the action to judgment and a sale of the premises. During that period the trustees must proceed diligently under penalty of the loss of their right to the reservation of moneys to pay the claim. (Surr. Ct. Act, § 207.)

The order of the Appellate Division, in so far as it affirmed the Surrogate's decree of April 25, 1939, should be reversed, with costs to the appellants, and the matter remitted to the Surrogate with direction to proceed in accordance with this opinion. The order of the Appellate Division, in so far as it dismissed the appeal from the decree of the Surrogate's Court of March 2, 1938, should be affirmed, without costs.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY and SEARS, JJ., concur; LEWIS, J., dissents and votes for affirmance.

Ordered accordingly.