In the Matter of the Estate of HERMANN SIELCKEN, Deceased.

Surrogate's Court, New York County, July 1, 1941.

*I. Gainsburg*, for the petitioner.

*Leonard B. Smith* and *Selden Bacon*, for the Irving Trust Company, as executor, etc., of Hermann Sielcken, deceased, respondent.

*Milbank, Tweed & Hope,* for the Chase National Bank of the City of New York, respondent.

*Mathias F. Correa, United States Attorney,* for the United States of America and Robert H. Jackson, Attorney-General of the United States.

FOLEY, S.   In this proceeding the widow of the decedent, who was the residuary legatee under his will, applies for a direction to pay over to her the income upon certain securities deposited in the Chase National Bank as collateral to secure the payment of two refunding bonds executed by her as a condition of receiving certain assets of the estate from the executor in her capacity as residuary legatee.   The deposit was evidenced by an exchange of letters between the executor and the depository which provided for the payment to the legatee of income earned on the securities.

The application is denied.

The history of the estate and the circumstances surrounding the giving of these individual undertakings are set forth more fully in a decision filed and published simultaneously herewith (176 Misc. 799) disposing of an application for payment of the balance of the fees of the attorneys for the executor.

Under a prior order of the surrogate, dated May 13, 1938, the payment of any of the moneys within this collateral fund was restrained by the surrogate.   The circumstances set forth in the decision simultaneously rendered alone would be sufficient for the denial of this application.   However, there are even stronger reasons requiring the refusal of the relief sought here by the residuary legatee.   Whether the claim against the estate by the United States government to the extent of $313,000 be deemed to be based upon a constructive trust, or an actual fraud, or a conspiracy, its mere assertion requires the retention of sufficient funds to secure its payment, whether such funds are within the direct possession of the executor or within the control of the court by the deposit of collateral to secure the payment of ultimate charges owed by the estate. *(Matter of Burrows,* 283 N. Y. 540; Surr. Ct. Act, § 207.)   In *Matter of Burrows (supra)* the Court of Appeals held that the existence of the individual liability of the decedent upon a bond accompanying a mortgage on realty required the retention in the hands of the representative of the estate of sufficient funds to meet the ultimate liability regardless of the security of the real estate upon which the mortgage was a lien.   Since the rendition of that decision the Legislature has amended section 207 of the Surrogate's Court Act in respect of the valuing of the security and the method of computing the net reserve of assets to meet the contingent

claim. (Laws of 1941, chap. 86, in effect March 13, 1941.) It has not changed the rule that the existence of a contingent claim, not secured by sufficient collateral or entirely unsecured, imposes a duty upon the representative of an estate to retain sufficient funds to assure the payment of a possible ultimate liability.

Again, section 267 of the Surrogate's Court Act expressly provides that a creditor or any person interested in an estate who has received estate assets in excess of the amount determined to be lawfully due him shall be required to repay the excess under the direction of a decree. Thus, if the United States government recovers a judgment under its claim that it is entitled to the sum of $313,000 from the executor there will be insufficient funds directly and indirectly within the control of the executor and the court to repay that amount. It is undisputed that the funds now in the custody of the executor and the amount in the collateral security fund in the Chase National Bank approximates not more than $255,000. The papers upon which this application is based alleged that the residuary legatee is without any funds to support herself and that she is dependent upon her sister for maintenance. Apparently, therefore, her personal undertakings are worthless. To permit the payment of any income upon the collateral fund to the applicant as residuary legatee would, therefore, tend to defeat and impair any judgment which the United States government might recover. The surrogate further holds that the private agreement between the executor and the residuary legatee has been suspended by the restraining order of May 13, 1938. Moreover, it is of no avail to the applicant because of the necessity of the exercise, regardless of any private agreement, of the power of the court to protect the rights of established administration expense claimants and contingent claimants of the estate.

Submit order on notice denying the application accordingly.