SEAMEN'S BANK FOR SAVINGS IN THE CITY OF NEW YORK, Appellant, *v.* ARTHUR SMADBECK, as Sole Surviving Executor of AUGUST HECKSCHER, Deceased, Respondent.

Argued April 19, 1944; decided June 8, 1944.

*John C. Crawley* and *Henry W. Proffitt* for appellant. I. At the time of his death the testator was primarily liable for the payment of his overdue bond. (*Kress* v. *Central Trust Co.*, 246 App. Div. 76, 272 N. Y. 629; *Honeyman* v. *Hanan*, 275 N. Y. 382; *Dudley* v. *Congregation, etc. of St. Francis*, 138 N. Y. 451; *Gen. Investment Co.* v. *Interborough R. T. Co.*, 200 App. Div. 794, 235 N. Y. 133; *Matter of Wilbur* v. *Warren*, 104 N. Y. 192; *Schenectady* v. *Ashton*, 205 App. Div. 781; *Calvo* v. *Davies et al.*, 73 N. Y. 211; *Marshall et al.* v. *Davies*, 78 N. Y. 415; *First National Bank & Trust Co. of Walton* v. *Eisenrod*, 263 App. Div. 227.) II. The liability is a debt which the executor is required by law to pay. (Surrogate's Court Act, § 314, subd. 3; *Matter of Gill*, 199 N. Y. 155; *Matter of Vanderbilt*, 187 App. Div. 716, 228 N. Y. 517.) III. Section 250 of the Real Property Law is applicable only to encumbrances on real estate which descends to a distributee, or passes to a devisee. (*Lamport* v. *Beaman*, 34 Barb. 239; *Wright* v. *Holbrook et al.*, 32 N. Y. 587; *Matter of Denton et al.* v. *Sanford et al.*, 103 N. Y. 607; *Chamberlain* v. *Dunlop*, 126 N. Y. 45; *Johnson* v. *Corbett,* 11 Paige 265; *Moseley* v. *Marshall*, 22 N. Y. 200; *Matter of Burrows*, 283 N. Y. 540.) IV. In the cases provided for by section 250 of the Real Property Law, the statute itself makes the decedent's mortgaged land the primary debtor. The considerations which led to that construction of the statute are applicable only to the cases provided for by the statute. The literal execution of the statute, as construed, is merely a matter of administration which involves no equitable principle whatsoever. (*Matter of Vanderbilt*, 187 App. Div. 716, 228 N. Y. 517; *Matter of Burrows*, 283 N. Y. 540; *Erwin* v. *Loper*, 43 N. Y. 521; *Wood* v. *Wood*, 26 Barb. 356; *Hauselt et al.* v. *Patterson et al.*, 124 N. Y. 349; *Matteson* v. *Palser*, 173 N. Y. 404.) V. In the administra-

tion of a decedent's estate, sometimes referred to as marshaling the assets of a decedent's estate, the equitable doctrine of marshaling assets may be invoked only in the presence of recognized equities. (*Womans Hospital* v. *67th St. Realty Co.*, 265 N. Y. 226; *Duport* v. *First Nat. Bank of Glens Falls*, 288 N. Y. 261; *Farmers' Loan & Trust Co.* v. *Kip*, 192 N. Y. 266; *Low* v. *Bankers Trust Co.*, 270 N. Y. 143; *Hauselt et al.* v. *Patterson et al.*, 124 N. Y. 349; *Rice* v. *Harbeson et al.*, 63 N. Y. 493; *Klinke* v. *Samuels*, 264 N. Y. 144.) VI. The decision below is not sanctioned by the equitable doctrine of marshaling assets. (*Low* v. *Bankers Trust Co.*, 270 N. Y. 143; *Womans Hospital* v. *67th St. Realty Co.*, 265 N. Y. 226; *Gelfert* v. *National City Bank*, 313 U. S. 221.)

*Vincent Keane* and *Louis W. Dawson* for Mutual Life Insurance Company of New York, *amicus curiæ*, in support of appellant's position. I. The complaint states a cause of action. (*Marshall et al.* v. *Davies*, 78 N. Y. 414; *De Cordova* v. *Barnum*, 130 N. Y. 615; *Kress* v. *Central Trust Co., Rochester, N. Y.*, 246 App. Div. 76, 272 N. Y. 629; *First National Bank & Trust Co. of Walton*, v. *Eisenrod*, 263 App. Div. 227; *National City Bank* v. *Gelfert*, 284 N. Y. 13; *Ivanhoe Bldg. Assn.* v. *Orr*, 295 U. S. 243; *Lacy* v. *Getman*, 119 N. Y. 109; *Matter of Suderov*, 153 Misc. 214.) II. No principle of equity limits the rights of the holder of a bond of a solvent decedent. (*Prudence Co.* v. *160 W. 73d St. Corp.*, 260 N. Y. 205; *Johnson* v. *Zink*, 51 N. Y. 333; *Pease* v. *Egan*, 131 N. Y. 262; *Lilianthal* v. *Lesser*, 102 App. Div. 500; *Mollan* v. *Griffith*, 3 Paige 402; *First National Bank & Trust Co. of Walton* v. *Eisenrod*, 263 App. Div. 227.) III. No statute of this State precludes direct action on the bond of a solvent decedent. (*Cochrane* v. *Hawver*, 54 Hun 556; *Buell* v. *Sullivan*, 250 App. Div. 780; *Krueger* v. *Ferry*, 41 N. J. Eq. 432; *Matter of Wilbur* v. *Warren*, 104 N. Y. 192; *Wright* v. *Holbrook et al.*, 32 N. Y. 587; *Bankers Surety Co.* v. *Meyer*, 205 N. Y. 219.)

*Julius Weiss* and *Roswell P. C. May* for respondent. I. The doctrine of marshaling of assets has been uniformly applied to the factual situation presented in this case. (*Farmers' Loan & Trust Co.* v. *Kip*, 192 N. Y. 266; *Rice* v. *Harbeson*, 63 N. Y. 493; *Fargo* v. *Squiers*, 154 N. Y. 250; *Matter of Black*, 178 Misc.

71; *Matter of Burrows,* 283 N. Y. 540; *Matter of Gellis,* 141 Misc. 432; *Matter of Dell,* 154 Misc. 216; *Halsey* v. *Reed;* 9 Paige 446; *Hauselt et al* v. *Patterson et al.,* 124 N. Y. 349; *Erwin* v. *Loper,* 43 N. Y. 521; *Johnson* v. *Corbett,* 11 Paige 265; *Matter of Dusenbery* v. *Bragg,* 241 App. Div. 553; *Olmstead* v. *Latimer,* 9 App. Div. 163, 158 N. Y. 313.) II. Statutory enactments manifest a legislative intent to make the mortgaged property the primary fund for the payment of the bond of a deceased. (Real Property Law, § 250; *Hauselt et al.* v. *Patterson et al.,* 124 N. Y. 349; *Matter of Burrows,* 283 N. Y. 540; *Matter of Rosenbaum,* 157 Misc. 316; *Matter of Weissman,* 140 Misc. 360; *Matter of Dusenbery* v. *Bragg,* 241 App. Div. 553; *Matter of Dell,* 154 Misc. 216; *Matter of Gellis,* 141 Misc. 432; *Matter of Collins,* 158 Misc. 798; *Matter of Black,* 178 Misc. 71, 266 App. Div. 837; Civil Practice Act, § 1083; *Gelfert* v. *National City Bank,* 313 U. S. 221; Surrogate's Court Act, § 207.)

THACHER, J. During his lifetime August Heckscher, the respondent's testator, borrowed from the plaintiff $100,000, for the repayment of which he gave his personal bond secured by a mortgage on real estate which he then owned. The debt fell due in November, 1937, and remains unpaid to the extent of $80,000. On February 10, 1939, after the debt became due, Heckscher conveyed the property subject to the mortgage to the Heckscher Foundation for Children. He died on April 26, 1941. The plaintiff took no steps to foreclose the mortgage but presented its claim for $80,000, the balance of the debt, to the executors. The claim was rejected and the plaintiff instituted this action against the surviving executor to recover on the bond. The foregoing facts are set forth in the complaint and it is alleged that the Heckscher estate is solvent and able to meet all the testator's obligations including the instant indebtedness; that no other action has been commenced for the recovery of the sum secured by the bond or any part thereof and that no action has been commenced for the foreclosure of the mortgage. The defendant executor having moved for an order dismissing the complaint under rule 106 of the Rules of Civil Practice, an order was made at Special Term granting the motion and dismissing the complaint for failure to state facts sufficient to constitute a cause of action.

The judgment of dismissal was unanimously affirmed by the Appellate Division and leave to appeal was granted by this court.

It was held in the courts below that a mortgagee may not proceed against the general assets of a decedent's estate until he has sought satisfaction of his debt by foreclosure of the mortgage, and the complaint, which alleged that no foreclosure action had been commenced, was accordingly dismissed.

If the decedent had retained title to the land until his death then the question presented would be controlled by section 250 of the Real Property Law, which requires the heir or devisee who takes the title from the decedent to satisfy and discharge the mortgage out of his own property without resorting to the executor or administrator of his ancestor or testator, unless the will directs that the mortgage be otherwise paid. But that statute can have no application here because the real property, subject to the mortgage, neither descends to an heir nor passes to a devisee, having been conveyed by the decedent during his lifetime to the Heckscher Foundation for Children.

Nor are we concerned with the mortgage moratorium acts in this case because the mortgage is dated after July 1, 1932. (Civ. Prac. Act, § 1077-g, as amd. by L. 1934, ch. 278.) Accordingly the right to enforce decedent's liability on the bond against his estate depends upon common law and equitable principles unaffected by statute, except, of course, by the statutory duty of executors with diligence to pay the debts of the deceased (Surrogates' Court Act, § 212) and the right of creditors to sue the executor upon all contractual causes of action which might have been maintained against the decedent. (Decedent Estate Law, § 116.)

Had the decedent lived, the right of the plaintiff to maintain this action against him would have been clear. The holder of a bond and mortgage has two remedies: one at law to recover a judgment for the debt and the other in equity to foreclose the mortgage. (*Dudley* v. *Congregation, etc., of St. Francis,* 138 N. Y. 451, 457.) As between the mortgagor and the mortgagee, the bond is the principal obligation and the mortgage is security for the personal indebtedness. (*Matter of Wilbur* v. *Warren,* 104 N. Y. 192, 197.) It is true that upon the conveyance of

the land to the Heckscher Foundation the mortgaged premises became the primary fund for the payment of the mortgage as between Heckscher and the Foundation, but the right of the creditor to resort to the bond for the collection of its debt was not affected by the conveyance. Heckscher could not, by any dealing or contract with another, impair the right of his creditor to proceed on the bond for the recovery of the debt. On the other hand, his relation to the debt was not changed by the conveyance so as to prevent him from paying the debt and proceeding against the land for his indemnity. (*Calvo* v. *Davies et al.*, 73 N. Y. 211, 215.) These relative rights and remedies persist as between the creditor and the mortgagor's estate unless modified by statute or governed by equitable principles of marshaling applicable in the distribution of the estate.

We have seen that section 250 of the Real Property Law, relating to the payment of mortgages upon real estate which descends to an heir or passes to a devisee, can have no application here because the real property in question was not owned by the testator at the time of his death and therefore did not descend to an heir or pass to a devisee. Until the enactment of this statute, mortgages upon land owned by decedents were chargeable against their personal estates (*Matter of Burrows,* 283 N. Y. 540, 544), and no principles of marshaling were applied to make such debts for which the land had been given as security a charge primarily against the land.

It is however argued here that since the mortgage is security for the debt there are two funds from which the plaintiff may seek satisfaction: the real estate subject to the mortgage and the personal estate of the decedent, and that upon the principle of marshaling the plaintiff was properly required to seek satisfaction from the mortgaged premises before attempting to charge the executors. But upon payment of the mortgage indebtedness the estate will become subrogated to the security of the land and, to the extent of the indebtedness paid, this security will be available to the creditors and legatees of the estate. To enjoin the enforcement of the personal obligation in such a situation does not seem to be justified upon any equitable principle of marshaling. The creditor concededly is entitled to two remedies and should be permitted to enforce whichever he believes to be most effective provided no inequity

will result to other creditors and legatees. Since the estate is solvent, obviously it will be to the creditor's advantage, if only to avoid delay and a possible deficiency, to enforce the terms of the bond and surrender the mortgage to the executor. This will not forego the collection of the indebtedness from a fund available to the plaintiff but unavailable to the other creditors and legatees but, on the contrary, by subrogation there will be made available to the estate the right to enforce the mortgage immediately upon payment of the mortgage indebtedness.

Different questions would arise if this were a mortgage subject to the mortgage moratorium laws, and a clear distinction must be drawn between a case of this kind and one within the provisions of section 250 of the Real Property Law. (See *Matter of Burrows, supra.*) The statement in that case that the mortgaged property is now the primary fund from which payment of the bond is to be sought had reference to the requirements of section 250 of the Real Property Law.

The decisions of this court cited with reference to equitable principles of marshaling have no application here.

In *Fargo* v. *Squiers* (154 N. Y. 250) the testatrix by her will made specific bequests and also created a trust for the benefit of infant children. In addition to her own property she had a general and unlimited power of appointment for her father's estate. The trust was perfectly valid if made up of her individual estate but invalid if made up of the appointed property. In this situation, for the purpose of carrying out her wishes and intentions, the court as a court of equity required the specific bequests to be paid out of the estate of which she had the power of appointment, thus saving her individual estate to constitute the trust created by her will. This was said to be analogous to marshaling an estate of a deceased person. There the equity was apparent, for the trust beneficiaries, by whatever was paid on account of bequests from the individual estate, would have been deprived of trust funds which the will intended for them.

In *Rice* v. *Harbeson et al.* (63 N. Y. 493) an analogous situation was dealt with in like manner. There, as here, a claim was made against executors upon a bond secured by real estate, but in a foreign State. The will directed the division of testator's

property, after payment of debts and expenses, into seven shares to be distributed as directed. Under the laws of the State where the mortgaged premises were located, the will was invalid as a will disposing of real estate and therefore the real estate was intestate property. In order to effectuate the testator's plan and accomplish his purpose as far as possible, the court required the creditor first to exhaust his remedy against the realty before resorting to the personalty, with leave, however, to have payment of any deficiency out of the personal estate. Here the unintended disposition of the real estate under the intestate laws of a foreign State was the inequity which moved the court to action. The court expressly disclaimed the establishment of a rule of universal application and emphasized the fact that the case was an exceptional one. This shows that the decision went upon the unusual and special equity involved. The principles of marshaling are brought into play only by compelling equities which can be served without prejudice to legal rights. (*Farmers' Loan & Trust Co.* v. *Kip,* 192 N. Y. 266, 282, 283; *Low* v. *Bankers Trust Co.,* 270 N. Y. 143; *Womans Hospital* v. *67th St. Realty Co.,* 265 N. Y. 226, 235–237.)

*Matter of Black* (293 N. Y. 85), decided herewith, was a case in which the equities were of such a character as to justify the application of the equitable doctrine of marshaling. No such equities are presented here.

Accordingly, the judgments should be reversed, with costs in all courts, and the motion denied.

LEHMAN, Ch. J., LOUGHRAN, LEWIS, CONWAY and DESMOND. JJ., concur; RIPPEY, J., taking no part.

Judgments reversed, etc.