In the Matter of the Accounting of HENRY V. D. BLACK et al., as Executors of JOHN V. BLACK, Deceased, et al., Respondents.

WILLIAM H. HALL et al., as Trustees under the Will of WILLIAM H. HALL, Deceased, Appellants; BANKERS TRUST COMPANY, as Trustee under the Will of JOHN V. BLACK, Deceased, et al., Respondents.

Argued April 17, 1944; decided June 8, 1944.

*Pliny W. Williamson* and *Thomas J. Whalen* for Charles E. Hall, as trustee, appellant. I. The personal estate of John V. Black is the primary fund for the indebtedness represented by the joint and several bond of decedent, John V. Black, and his brother, Henry V. D. Black. (*Field* v. *Van .Cott,.* 5 Daly, 308; *Brainard* v. *Jones,* 11 How. Pr. 569; *Marshall* v. *Davies,* 78 N. Y. 414; *Cumberland* v. *Codrington,* 3 Johns. Ch. 229; *Waring* v. *Ward,* 5 Ves. 670, 7 Ves. 332; *Hauselt et al.* v. *Patterson et al.,* 124 N. Y. 349; Coke on Littleton, 186a [1], 1st American Edition L. 3, ch. 3, § 288; 4 Kent's Commentaries, 14th ed., p. 360; 1 Washburn on Real Property, 5th ed. ch. 13, § 1 (14); *Wright* v. *Holbrook et al.,* 32 N. Y. 587.) II. Even if the Mortgage Moratorium Act (Civ. Prac. Act, §§ 1077-a, 1077-g, 1083-a, 1083-b) applied, it would in no way impair the right of appellants to recover on the bond. (*Zojic* v. *Sikora Realty Corporation,* 252 App. Div. 343.)

*Pliny Williamson, Charles E. Heydt* and *J. William Hill* for appellants. I. Mortgage bonds of decedents always have been and still are primarily payable out of personal property of the decedent except as otherwise prescribed by statute. Section 250 of the Real Property Law is the only statutory encroachment. (*Equitable Life Assurance Society* v. *Wilds,* 184 App.

Div. 435; *Hauselt et al.* v. *Patterson et al.,* 124 N. Y. 349; *Matter of Burrows,* 283 N. Y. 540; *Matter of Vanderbilt,* 187 App. Div. 716.) II. The claim is not contingent. (*Matter of Simpson,* 36 App. Div. 562, 158 N. Y. 720; *Thorp* v. *The Koekak Coal Co.,* 48 N. Y. 253; *Schenectady Savings Bank* v. *Ashton,* 205 App. Div. 781; *Gen. Investment Co.* v. *Interborough R. T. Co.,* 200 App. Div. 794, 235 N. Y. 133; *McGrath* v. *Carnegie Trust Co.,* 221 N. Y. 92; *Matter of Burrows,* 283 N. Y. 540.) III. The bond should be ordered paid out of general estate. (*Matter of Vanderbilt,* 187 App. Div. 716; *Matter of Blackington,* 153 Misc. 580.)

*Martin Lippman* and *Nicholas R. Jones* for petitioners-respondents. I. The administration of estates is governed by equitable principles. (*Matter of McKelway,* 221 N. Y. 15; *Matter of Dell,* 154 Misc. 216; *Tipping* v. *Tipping,* 1 P. Wms. 729; *Rice* v. *Harbeson et al.,* 63 N. Y. 493.) II. Only by application of the doctrine of marshaling of assets can equity and justice be done to all parties in interest. (*Matter of Raymond* v. *Davis,* 248 N. Y. 67; *Fargo* v. *Squiers,* 154 N. Y. 250; *Farmers' Loan & Trust Co.* v. *Kip,* 192 N. Y. 266; *Kramer* v. *Relgov Realty Co.,* 268 N. Y. 592; *McGrath* v. *Carnegie Trust Co.,* 221 N. Y. 92; *Klinke* v. *Samuels,* 264 N. Y. 144.)

*Wm. G. Johnson* for Dorothy P. Black, respondent. The claim is contingent. (*Matter of Burrows,* 283 N. Y. 540; *Hauselt et al.* v. *Patterson et al.,* 124 N. Y. 349; *Erwin* v. *Loper,* 43 N. Y. 521; *Rice* v. *Harbeson et al.,* 63 N. Y. 493; *Matter of Gellis,* 141 Misc. 432; *Matter of Dell,* 154 Misc. 216.)

*Henry De Land Strack* for Bankers Trust Company, as trustee, respondent.

THACHER, J. Upon these proceedings for the judicial settlement of the accounts of the executor of the estate of John V. Black, deceased, the trustees under the last will and testament of William H. Hall, deceased, to whom the decedent John V. Black at the time of his death was indebted upon a bond secured by a mortgage simultaneously executed, objected to the discharge of the executors unless and until the bond should have been paid in full or, in the alternative, that a reserve of not less than $100,000 be established as security against any defi-

ciency, and, further, by an order to show cause sought determination that their claim as trustees of William H. Hall is payable in the first instance out of the personal estate of the decedent John V. Black. These trustees also filed a petition for compulsory accounting in which they sought determination of the extent to which the security of said mortgage was inadequate and the setting up of a reserve sufficient to pay a deficiency if any should be determined.

Payments made on account of the principal of the bond had reduced the principal indebtedness to $214,000. This bond was executed by the decedent jointly with his brother, Henry V. D. Black, and was amply secured by a mortgage upon New York City real estate. The decedent's brother Henry, having survived him, became the sole owner in fee simple of this real estate, subject to the continuing lien of the mortgage. Henry himself died after having signed the executors' account in this proceeding.

The courts below have determined that the indebtedness is not payable out of the personal estate of the decedent and that no decree may be entered in the Surrogate's Court directing payment of the bond because of section 1077-b of the Civil Practice Act, one of the mortgage moratorium laws.

In *Matter of Burrows* (283 N. Y. 540) we held that section 1083-a of the Civil Practice Act (another of the mortgage moratorium statutes) has no application in a proceeding in the Surrogate's Court for the settlement of executors' accounts. We need not now decide whether section 1077-b may be held applicable to proceedings to which section 1083-a is not applicable, and for the purpose of decision only we will assume that such a distinction cannot be drawn.

Assuming that section 1077-b is not applicable to the proceedings in the Surrogate's Court here under review, conclusion does not follow that the executors were required to make payment of the mortgage indebtedness out of the personal estate. Indeed the resulting situation under the peculiar circumstances of this case would be so harsh as to require the application of equitable principles of marshaling in order to enforce equitable remedies and avoid inequitable results, in striking contrast to the situation presented in *Seamen's Bank for Savings v. Smadbeck* (293 N. Y. 91), decided herewith. From that decision it is clear that upon payment of the joint and several

obligation the surviving executrix of John Black's estate is in equity entitled to subrogation to the mortgage security and also to contribution from the estate of John's brother Henry, who was the joint and several obligor upon the bond and who became vested with the title to the real estate upon John's death. In contrast to the estate of John, the estate of Henry would be governed by section 250 of the Real Property Law and John's surviving executrix would be unable to collect payment of the mortgage indebtedness from Henry's personal estate and would be prohibited by the mortgage moratorium laws from foreclosing the mortgage so long as the payments required by the statutes are made.

Thus one of the joint and several obligors whose interest in the property has passed to the other would be required to pay the mortgage indebtedness forthwith and would have no remedy over against his co-obligor or against the real estate. This inequity is emphasized by the fact that if both brothers had lived neither could have been sued upon the joint obligation because of the moratorium laws, and the trustees under the Hall will, as mortgage creditors, would have been required to be satisfied with payments under the mortgage allowed and required by the statute. Nor if Henry were still living could they have sued him. Indeed the liability here sought to be imposed upon John's estate is claimed to arise merely because the real estate did not descend to a devisee or an heir of his (Real Property Law, § 250) and because, if the same rule applies to section 1077-b as we have held applies to section 1083-a of the Civil Practice Act, no protection is afforded under the mortgage moratorium laws against the enforcement of the indebtedness in such a proceeding as this.

Under these circumstances we apply the equitable principles of marshaling and decline to permit the mortgage creditors to enforce the payment of the bonded indebtedness against the general assets of the estate of John V. Black, deceased, until their remedies against the mortgage security have been exhausted.

The order should be affirmed, without costs.

LEHMAN, Ch. J., LOUGHRAN, LEWIS, CONWAY and DESMOND, JJ., concur; RIPPEY, J., taking no part.

Order affirmed.