■ SHIRLEY ROSEN, Respondent-Appellant, v. LONG ISLAND TRUST COMPANY, Appellant-Respondent.— Order, Supreme Court, New York County, entered September 11, 1972, unanimously modified, on the law, to grant defendant's motion for summary judgment on the first cause of action and dismissing said cause of action, and otherwise affirmed; and judgment of said court entered thereon on October 3, 1972, unanimously reversed, on the law, and vacated, without costs and without disbursements. This is an action to recover alleged overpayment of interest made in satisfying a mortgage on real property. The plaintiff guaranteed promissory notes in the total sum of $27,500, which notes provided for attorney's fees of 20% if action was commenced to enforce them. When such action was commenced, the plaintiff gave a second mortgage on a personal residence in the sum of $33,000 to cover the principal amount of the notes plus attorneys' fees in the sum of $5,500. The plaintiff prepaid the mortgage and sues to recover an overpayment of interest. The Bank claimed and received interest, in the language of the mortgage, "to be paid with interest in accordance with two certain notes * * * each dated February 16, 1968 ". The plaintiff contends the interest should be dated only from the date of the mortgage. Inasmuch as the Bank under the plaintiff's theory would receive no interest between the due dates of the notes and the date of the mortgage, and inasmuch as it is the notes that would control (*Seamen's Bank for Sav.* v. *Smadbeck*, 293 N. Y. 91, 95), in the absence of other indicia, the Bank is entitled to summary judgment with respect to the plaintiff's claim of overpayment of interest. Concur — Markewich, J. P., Kupferman, Lane, Steuer and Tilzer, JJ.