## In re HEMPSTEAD REALTY ASSOCIATES, Debtor.

### No. 83 B 20365.

United States District Court, S.D. New York.

March 25, 1985.

See also Bkrtcy., 34 B.R. 624, Bkrtcy., 38 B.R. 287.

Leon C. Baker, New York City, for Hempstead Associates.

Bachner, Tally, Polevoy, Misher & Brinberg, New York City, for Massachusetts Mut. Life Ins. Co., Henry J. Bergman, New York City, of counsel.

### MEMORANDUM DECISION

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The debtor, Hempstead Realty Associates, has moved for leave to make a tender to its mortgagee, Massachusetts Mutual Life Insurance Company ("Mass Mutual"), of the principal amount of the matured mortgage together with interest at either of two rates to be selected by Mass Mutual. One option calls for the payment of interest at the 7½ percent per annum rate provided for in the mortgage. The other option would increase the interest rate to 9 percent per annum retroactive to July 1, 1983, when the mortgage matured. The increased principal would be amortized by 60 equal monthly installments to be applied first to interest at the rate of 12 percent per annum, and then to principal.

Mass Mutual opposes the proposed tender and argues that it should receive a higher rate of interest retroactive to July 1, 1983. The mortgage is silent as to post-maturity interest.

The debtor's sole asset is a shopping center in Hempstead, New York. The first mortgage which Mass Mutual holds on the debtor's real estate matured on July 1, 1983, at which time a "balloon" final payment of $1,462,918.27 became due and owing. Mass Mutual commenced a state court foreclosure proceeding on July 5, 1983, which was stayed when the debtor filed its petition for reorganization under Chapter 11 of the Bankruptcy Code on July 8, 1983.

The debtor has obtained an offer from a financial institution to advance the sum of $1,010,125.20, which the debtor computes to be the balance due Mass Mutual after allowing for certain post-petition payments that were made and after applying an interest rate of 7½ percent per annum. The financial institution proposes to lend the $1,010,125.20 to the debtor at its prime interest rate plus one percent provided that

the payment of the loan is guaranteed by the debtor's general partner and by the holder of the wraparound mortgage on the debtor's real estate, which encompasses the Mass Mutual mortgage. The proposed guarantors are willing to give their guarantees as requested.

Mass Mutual notes that on July 1, 1983, when the mortgage matured, the lowest rate it was charging in mortgages it was writing for credit worthy borrowers was 12.5 percent per annum. Moreover, for properties in foreclosure or otherwise in distress, such as the debtor's shopping center, Mass Mutual would have charged an interest rate that would have ranged between 13.5 percent per annum for a five year note and 14 percent per annum for a twelve year note. Accordingly, Mass Mutual reasons that because the mortgage in question did not specify a post-maturity interest rate, the debtor should be required to pay post-maturity interest at a minimum of 13.5 percent per annum. Thus, the proposed tender should be deemed ineffective because the specified interest rate is too low.

■ In view of the fact that the mortgage is silent as to any post-maturity rate of interest, the bankruptcy court, sitting as a court of equity, must apply a reasonable post-maturity rate. *In re Berry Estates, Inc.*, 34 B.R. 612, 616 (Bkrtcy.S.D.N.Y. 1983); *In re Hartsdale Associates*, 3 B.C.D. 460, 463–64 (Bkrtcy.S.D.N.Y.1977). In affirming the *Hartsdale* case, the district court said:

> We believe the sounder argument to be that on the foreclosure of a defaulted mortgage, which is an equitable proceeding (*Seamen's Bank for Savings v. Smadbeck*, 293 N.Y. 91, 56 N.E.2d 46), the rate is to be set in the court's discretion.

452 F.Supp. 67, 69 (S.D.N.Y.1978).

In the instant case, Mass Mutual's mortgage foreclosure action was stayed by the commencement of the Chapter 11 case. Thereafter the mortgage matured by its own terms. Thus, since the filing of the Chapter 11 petition, Mass Mutual had to forbear from the collection of its claim during the pendency of the Chapter 11 case. The reasonable post-maturity interest must reflect the fact that "a mortgagor who is unable to pay a mortgage at maturity is a greater risk than a mortgagor not in default." *In re Berry Estates, Inc.* 34 B.R. at 616. *See also In re W.S. Sheppley & Co.* 45 B.R. 473, 479 (Bkrtcy.N.D. Iowa 1984).

■ In light of the fact that the prime rate on July 1, 1983, when the first mortgage matured, was higher than the 7½ percent and 9 percent rates referred to in the debtor's proposed tender, and in view of the fact that the debtor intends to obtain financing at the rate of one percent over the designated lender's current prime rate, it follows that Mass Mutual will not be required to accept the proposed tender because the post-maturity interest rate, under either proposed alternative, is too low.

Accordingly, the debtor's motion for leave to make a tender is denied, without prejudice to a renewal, which should include a reasonable post-maturity interest and assurance of the availability of funds to support the tender.

SUBMIT ORDER on notice.