John M. Keane, S.
John B. Ryan died intestate on October 2, 1962, leaving him surviving a wife and three minor children. Limited letters of administration were issued by this court to Mary M. Ryan, the widow of the decedent, on November 29,1962.
The administratrix has begun a proceeding praying for the judicial settlement of her accounts. There is shown in the schedule for debts paid, a payment of $7,024.23 designated as “ Obligation of decedent on bond and mortgage on residence, principal and interest.” This sum has been paid to the widow of the decedent who is the administratrix.
The special guardian for the infants has objected to the payment of the above sum to the widow. The decedent and his wife, the administratrix herein, were owners as tenants by the entirety of a parcel of real property located at Robinson Hill Road, Town of Union, New York. At the time of decedent’s death there existed an incumbrance on the property in the form of a bond and mortgage in the sum of $7,024.23. The property has subsequently been sold and the bond and mortgage satisfied.
Is the obligation which existed at the time of the decedent’s death on the bond and mortgage on his home, which .were executed by him and his wife, of such a nature that the balance due should be paid as an obligation of his estate? Section 250 of the Real Property Law does not apply to this situation since the surviving wife did not obtain title by descent or devise. Since the decedent died intestate, there was no writing to indicate the source of the payment of this obligation.
Although section 250 of the Real Property Law does not cover the situation where there is an incumbrance on property owned as tenants by the entirety, it would seem from the. decisions *478 interpreting the .section that the legislative intent requires a person succeeding to the entire title of property by reason of .another’s death should take the property subject to any incumbrances then existing.
Without getting into the formal niceties of Real Property Law and the distinctions between holdings sole and per tout et non per my, it would seem that equity and good sense would require that anyone receiving the entire title to property, whether by descent, devise or as a surviving tenant by the entirety, should take the property in the condition in which it exists at the date of the death of the person who makes their title complete.
It would seem that the soundest basis for disallowing a payment such as has been made in this instance would be that the person taking the property takes it as it existed on the date of death subject to any incumbrances.
There are other theories. One states that the creditor must first look to the property for payment and the estate is only a surety for any deficiency (Matter of Dell, 154 Misc. 216 [1935]). Another theory reaches the same result upon the equitable principle of marshalling of assets (Matter of Black, 293 N. Y. 85 [1944]).
The further inequity of allowing such a payment as an ordinary debt appears in this particular estate. If the payment of $7,024.23 were allowed, it would mean that the widow would be profiting at the expense of the minor children who would otherwise be entitled to two thirds of the .sum paid to satisfy the bond and mortgage.
The objection of the special guardian is sustained and the payment of $7,024.23 to Mary M. Ryan individually is disallowed. Adjustment for this payment can be made in the decree settling the account.