William J. Regan, S.
Petitioner appeals from the pro forma tax order entered December 28,1964 which fixed and determined the estate tax in the sum of $93.97.
Petitioner contends that the State Tax Commission failed to include in the gross estate the proceeds of a certain life insurance policy and that said proceeds were not properly credited against the New York estate tax.
The State Tax Commission argues that this is not the type of insurance that qualifies for the exemption under the appropriate tax regulations. The policy in question was issued in June of 1963 and apparently represented credit insurance which was obtained for the purpose of securing to the Marine Trust Company of Western New York the payment of a personal note of the decedent. For this purpose the Marine Trust Company was named beneficiary.
The balance of the indebtedness to the Marine Trust Company at the time of the death of the decedent on July 15, 1963 was $2,248.80. By reason of the life insurance policy, the premiums for which were paid by decedent, this indebtedness was extinguished.
The estate tax return filed by petitioner listed the proceeds of the policy in the sum of $2,248.80 as an asset of the estate and listed this same amount as a debt of the decedent.
It is conceded that the estate tax appraiser should have included both the insurance and the indebtedness secured thereby as part of the gross estate and a proper debt deduction. In this respect the appraiser deleted the insurance as part of the gross estate and disallowed the indebtedness secured thereby, so that in effect the net taxable estate was not changed. The only issue for determination is whether the insurance proceeds should have been considered in computing the amount of credit against the New York estate tax. If credit had been given the tax would be computed at $48.99 rather than $93.97.
Upon the arguments presented herein and after careful review of briefs submitted by counsel, it is the opinion of this court that the term “beneficiary” as used in paragraph (4) of sub *492 division (b) of section 958 of the Tax Law was not intended to apply to this particular situation. / While the bank for whose benefit the policy was issued is the designated beneficiary under the policy, it is nevertheless the estate that benefits by the application of the proceeds of said policy to the extinguishment of the debt. The bank beneficiary gains nothing more by the receipt of the insurance proceeds than that which was due it by reason of the indebtedness.
Under all the circumstances, this court is of the opinion that “ beneficiary ” as used in the tax statutes and regulations was intended generally to denote the recipient of a gratuity and that “beneficiary” as applied under these circumstances was not within the purview of the Legislature at the time article 26 of the Tax Law was enacted. The appeal is accordingly dismissed.