William W. Serba, J.
This is an appeal from the pro forma tax order fixing the New York estate tax in the amount of $200.86.
The decedent died on the 1st day of June, 1965, leaving all of his property, real and personal, to his wife, by a last will and testament executed on December 10, 1958. At the time of the death of the testator, he and his wife owned their residence as tenants by the entirety. There was a lien of a mortgage on the property in the amount of $19,450.33. The life of the decedent was insured by term insurance taken out by the decedent on his own life, and on his death the indebtedness secured by the mortgages was paid off in its entirety to the bank which was the obligee under the bond. The executrix claims she should be entitled to list the property as a jointly held asset of the estate and to claim the indebtedness as a debt of the decedent. She also seeks to claim the insurance exemption credit, upon the theory that the insurance was paid to the bank for the sole and exclusive benefit of the executrix, the decedent’s widow, who was also tenant by the entirety of the real estate and a comaker of the mortgage.
The contention of the Department of Taxation and Finance is that, if the debt is claimed as a deduction and also as an exemption, a double credit will be allowed and an inequitable result will accrue in favor of the estate. The State of New York cites Matter of Davis (46 Misc 2d 490) as authority for this position. An examination of Matter of Davis indicates that the holding is to the effect that where a term insurance policy is issued to secure a personal loan of the decedent and has the effect of paying off the loan upon death, the substance of the transaction will determine the “ beneficiary.” Thus, where the payment was made to the bank directly, it was in reality for the benefit of the estate and therefore the estate was the beneficiary of the loan. Upon this holding, the proceeds were deemed an asset of the estate and taxable as such. Under the , circumstances of the case, it was held that paragraph (4) of subdivision (b) of section 958 of the Tax Law was not applicable. The court, then, has held that under the circumstances of the case, although the nominal beneficiary was the bank, the *414 real beneficiary was the estate which was not entitled to the exemption.
If we apply the same reasoning as in the Davis case to the case at hand, it is apparent that the moneys paid out under the policy, by reason of the obligation of the decedent, are an asset of the estate for tax purposes. This is also supported by rather clear statutory authority. Under article 26 of the Tax Law (§ 954), inclusion of insurance is governed by the Federal code.
Section 20.2042 (subd. [b], par. [1]) of the Federal Estate Tax Regulations provides as follows: “ Section 2042 requires the inclusion in the gross estate of the proceeds of insurance on the decedent’s life receivable by the executor or administrator, or payable to the decedent’s estate. It makes no difference whether or not the estate is specifically named as the beneficiary under the terms of the policy. Thus, if under the terms of an insurance policy the proceeds are receivable by another beneficiary but are subject to an obligation, legally binding upon the other beneficiary, to pay taxes, debts, or other charges enforceable against the estate, then the amount of such proceeds required for the payment in full (to the extent of the beneficiary’s obligation) of such taxes, debts, or other charges is includible in the gross estate. Similarly, if the decedent purchased an insurance policy in favor of another person or a corporation as collateral security for a loan or other accommodation, its proceeds are considered to be receivable for the benefit of the estate. The amount of the loan outstanding at the date of the decedent’s death, with interest accrued to that date, will be deductible in determining the taxable estate. See § 20.2053-4.” (Code of Fed. Reg., tit. 26, § 20.2042, subd. [b], par. [1].)
If the insurance upon the life of the decedent is deemed, for the purpose of including it in the gross estate, to be an asset of the estate as the beneficiary, it should be considered such for all purposes except where otherwise specifically provided by statute. In all cases where a claim for exemption from taxation is involved, the statute must be strictly construed to require a provision of law plainly granting an exemption. (See Matter of Young v. Bragalini, 3 N Y 2d 602, 605-606 and cases cited therein.) Since the insurance, as indicated above, is deemed an asset of the estate, it may not, in the history of the statute be also considered by construction alone as being entitled to the exemption as an asset of the spouse. Under subdivision 6 of section 249-q of article 10-C, insurance payable to an executor would not qualify for exemption, and article 26 did not enlarge or contemplate a change in exemptions. (See Legis. Memo *415 randum, 2 McKinney’s 1962 Session Laws 3546; N. Y. State Tax Bulletin No. 1965-2, § 1, pp. 20, 21; Matter of Davis, supra, p. 492.)
The allowance of the debt as a deduction by the court is conceded as proper by all parties.
The pro forma tax order is affirmed.