John M. Keane, S.
This is an appeal from the pro forma order entered December 18, 1970 in this court fixing the estate tax at $150.80. The return was made by decedent’s widow as the surviving joint tenant. The facts are undisputed.
Decedent and his wife owned their home, which was valued at $36,000 in the estate tax return, as tenants by the entirety. At the date of decedent’s death, their home was encumbered by a bond and mortgage with a balance due of $23,316.25. During his lifetime, decedent had purchased a life insurance policy in the face amount of $15,000 which was payable to the mortgagee, the Endicott Trust Company. Subsequent to his death, this sum was *106 received by the Endicott Trust Company and used to reduce the outstanding balance of the bond and mortgage.
The widow as the surviving joint tenant claims that error was made in assessing the tax on December 18, 1970 because no exemption pursuant to section 958 (subd. [b], par. [3]) of the Tax Law was allowed for the $15,000 of life insurance proceeds which were paid to the Endicott Trust Company, the mortgagee. The widow argues that the insurance proceeds used to reduce the bond and mortgage were actually payable to her as the surviving joint tenant and, therefore, the exemption granted for insurance proceeds payable to a beneficiary should have been allowed.
The facts in Matter of Davis (46 Misc 2d 490) cited by the State Tax Commission in support of its argument differ from the facts in the Bilos return in one significant aspect. The obligation satisfied in the Davis case was one which would be a debt payable by the fiduciary of the decedent. Thus, in effect, the insurance proceeds were an asset coming into the hands of the fiduciary for the payment of debts. In the present Bilos case, the primary obligation for payment of the bond and mortgage was that of the widow and surviving joint tenant.
The fact situation of this case is not a matter of first impression. Substantially the same factual situation existed in Matter of Jackson (58 Misc 2d 412) with only one variation not deemed by this court to be significant. In the Jackson case, the amount of insurance proceeds payable to the mortgagee was sufficient to extinguish the entire lien of the mortgage. In the present case, the lien of the mortgage was extinguished only to the extent of $15,000. The exemption was not allowed in Matter of Jackson (supra).
The appellant relies primarily upon Matter of Ryan (44 Misc 2d 477), decided by this court. The controversy in the Ryan case arose upon a final accounting when the widow as administratrix attempted to claim as a debt of her deceased husband the balance of the bond and mortgage on premises owned by them as tenants by the entirety. In the Ryan case, this court held that the surviving joint tenant took the property subject to the existing encumbrances and the balance due on the bond and mortgage was not a primary debt of decedent’s estate. The appellant argues that since the insurance proceeds reduced her obligation to the mortgagee by $15,000, the insurance policy was really payable to her and, therefore, an exemption should be allowed.
Under section 958 (subd. [b], pars. [1], [2]) of the Tax Law, property must be indefeasibly vested in a beneficiary to support *107 an exemption. While this exact language does not appear in subsequent paragraphs (3) and (4) relating to insurance proceeds, decisions uphold the concept that insurance proceeds should also be indefeasibly vested to qualify for an exemption. Conceding that the widow as surviving joint tenant was benefited when her obligation was reduced by $15,000, still these proceeds cannot be said to be indefeasibly vested in her because she had no control over their ultimate application. There is no question that, had the $15,000 been payable to the widow, an exemption would be allowed. Yet had it been so payable, she would not be required to apply the entire proceeds immediately to reduce the balance of the bond and mortgage. Lack of control over the disposition of the proceeds supports the denial of the exemption made in the pro forma order.
Matter of Ryan (supra) is not controlling in the present situation. For reasons stated above, the result in Matter of Jackson (supra) is followed. The appeal of the surviving joint tenant is, therefore, dismissed.