Memorandum.
The order of the Appellate Division should be affirmed, with costs. For plaintiff to prevail he must have shown that his assignor Yavers was a coguarantor with Mandell and Druce on the same debt or debts. Instead it appeared that separate instruments of guarantee were executed in 1957, one by Yavers, and the other by Druce and Mandell. There is a presumption that two or more persons bound as° sureties on the same instrument are cosureties (Elder, Stearns Law of Suretyship [5th ed.], § 11.18, p. 481; 72 C. J. S., Principal and Surety, § 344, p. 808). That presumption would not apply where, as here, sureties are bound by different instruments; and there would be no right to contribution among sureties unless it be found that they are bound as sureties for the same debt (see 57 N. Y. Jur., Suretyship and Guaranty, § 375; 72 C. J. S., Principal and Surety, § 345). Moreover, the bond pledged was given as security in 1964 for a distinct $15,000 loan then made by Amsterdam to Mandell and Druce as principals. Their obligation was not the same as that of Yavers, created seven years earlier, and the open-ended “ collateral ” provisions in the 1957 and 1964 instruments are insufficient to overcome the' distinction between different debts with different prin *985 cipals. Nor, was it shown that the separate instruments executed on different dates in 1957 related to the same debts owed by Amco Financial. On this analysis it is not necessary to reach-the several other issues raised by the parties as make-weights to their ultimate contentions.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Waohtler and Babin concur in memorandum; Judge Stevens taking no part.
Order affirmed.