OPINION OF THE COURT
C. Raymond Radigan, J.
In this accounting proceeding, the executor and one of the objectants move and cross-move, respectively, for an order pursuant to CPLR 3212 granting summary judgment in their favor. The objectant is the surviving spouse of the decedent; the executor is her stepson. The issue concerns the responsibility for a mortgage on the marital residence. Its novelty resides in the fact that the surviving spouse and the decedent became tenants by the entirety after the decedent had mortgaged his interest in the property when he still owned it in fee.
Robert E. Griffith was the sole owner of a one-family home in Rockville Centre that he had lived in since 1946. In March 1995, Mr. Griffith became engaged to the woman who would become his second and surviving wife. They married on June 30, 1995. During their brief engagement, Mr. Griffith opened a line of credit with Chemical Bank (now Chase Manhattan Bank) that was secured by a mortgage on the Rockville Centre property. On October 23, 1995, Mr. Griffith executed a deed which conveyed his interest in the house to himself and his wife, as tenants by the entirety. From April 1996 through February 1997, Mr. Griffith drew approximately $49,000 on his line of credit. The monies were used to make improvements in the Rockville Centre house. Half of the outstanding balance was paid by Mr. Griffith. He died on March 27, 1997 with a balance on the credit line of approximately $26,000.
The executor filed his accounting and at schedule D-3 showed his rejection of a claim made against the estate by Chase Manhattan. That claim, of course, reflected the outstanding balance on the credit line that was secured by the mortgage. The executor takes the position that this liability runs with the land and is the responsibility of the surviving spouse. Both Chase Manhattan and the surviving spouse have filed objections to the accounting. They offer a variety of arguments to show that the debt is personal to the decedent and must be satisfied out of the general assets of the estate with no recourse against the wife’s survivorship interest in the property. For the following reasons the executor’s motion is granted and the objectant’s cross motion is denied.
*212 In its cross motion, Chase Manhattan argues that a tenancy in common was created between husband and wife when he executed the deed and that the surviving spouse owns only a 50% interest in the home. This would leave the other 50% interest an asset of the estate and available for repayment of the mortgage. Two interrelated issues are presented by this argument: did the presence of a preexisting mortgage preclude the decedent from creating a tenancy by the entirety and did the transfer violate the due-on-sale clause in the mortgage. The answer to the latter question will render the former question moot. Paragraph 20 of the promissory note/revolving credit agreement contained a standard due-on-sale or transfer clause that allows for an acceleration of the debt and the right to foreclose in the event the mortgagor acted to jeopardize the mortgagee’s rights to the collateral. While a sale or other transfer would seem to trigger the provision, Federal law prohibits the enforcement of due-on-sale clauses in nine common circumstances, including a transfer where the spouse of the borrower becomes an owner of the property (12 USC § 1701j-3 [d] [3], [6]). There is no question raised by the object-ant as to the applicability of Federal law. If there is no violation of the due-on-sale clause and the underlying loan is currently being paid by the surviving spouse, then there is no default on the obligation. It would seem the mortgagee lacks standing to challenge the transfer and the creation of the tenancy by the entirety. Therefore, the court holds that the surviving spouse is the owner in fee of the entire piece of property. The next question is the status of the mortgage and the obligation of the surviving spouse, as grantee, to the loan.
At this juncture the careful reader might wonder why the court needs to proceed any further. After all, the loan is not in arrears (the surviving spouse continues to make monthly payments) and the inter vivos transfer does not violate the due-on-sale clause. Nevertheless, it is still a justiciable controversy by virtue of the mortgagee’s claim against the estate. It remains to be determined whether the estate is primarily or secondarily liable on the indebtedness on these facts. While no cases on point have been presented to the court, the equities and analogous statutory law point to one result — that the mortgage runs with the land and the mortgagee must first look to the property to satisfy the loan.
It is the express policy of the State that encumbrances on property of a decedent are not chargeable at first instance against the assets of the estate (EPTL 3-3.6). If the decedent *213 had retained full title to the property and specifically devised same to his wife, then she would have taken it subject to the mortgage. If the decedent died intestate, then his distributees would have taken the property subject to the mortgage. Of course, a testator could have provided that the indebtedness be paid out of estate assets, but there is no such provision in this decedent’s will. Whether by devise or descent, a mortgagee is required to exhaust its remedies against mortgaged property before resorting to other assets of the deceased mortgagor’s estate (Matter of Burrows, 283 NY 540). The court analogizes this outcome to the inter vivos transfer worked by the decedent here and chooses to follow the policy enunciated in EPTL 3-3.6. The mortgaged property is the primary fund for the payment of the debt and should the surviving spouse fail to continue making payments, the mortgagee must first resort to the realty by foreclosure before there can be any deficiency claim over against the estate (Jemzura v Jemzura, 36 NY2d 496). Recognizing the primacy of the mortgaged property in satisfying the debt is not entirely a novelty. In Continental Bank & Trust Co. v Chemical Bank & Trust Co. (51 NYS2d 903, affd 268 App Div 858, rearg denied 268 App Div 965), the Court was faced with the death of a guarantor of a mortgage and a contractual provision in the guaranty that if the mortgagor defaulted, the guarantor could be sued without first requiring the mortgagee to foreclose on its collateral. The Court held that the mortgagee should look first to the property and to foreclose on its collateral instead of looking to the estate of the guarantor.
In Matter of Ryan (44 Misc 2d 477), the court held that a mortgage obligation on property held as a tenancy by the entirety is not an obligation of the decedent’s estate. The court wrote, “it would seem that equity and good sense would require that anyone receiving the entire title to the property, whether by descent, devise or as a surviving tenant by the entirety, should take the property in the condition in which it exists at the date of the death of the person who makes their title complete” {supra, at 478). The facts in Ryan are distinguishable from the instant facts but the reasoning is as relevant as it is sound and equitable.
Equitable considerations also support this result. When the decedent executed the deed creating the tenancy by the entirety on October 23, 1995, he also executed another document along with his wife. They both signed a New York State combined real property transfer gains tax affidavit/real estate *214 transfer tax return/credit line mortgage certificate. The document claimed an exception from the real estate transfer tax because the deed was a transfer without consideration, a gift between spouses. The surviving spouse signed this document that contained a provision that the property was subject to an outstanding credit line mortgage. Her professed ignorance of this provision is disingenuous. Her protest that she signed this document without adequate legal representation is irrelevant and an illustration of looking a gift horse in the mouth. The court notes that the decedent did not begin to draw from the line of credit until after he was married and after he executed the deed. The court further notes that the monies drawn by the decedent were used for the improvements to the house. All of these facts add up to an estoppel basis for holding the property primarily responsible for the debt (see, e.g., Kingman v Dunspaugh, 19 App Div 545). Therefore, even where the grantee has not assumed personal responsibility for the mortgage debt, the grantee is still liable to the extent that the property itself is still primarily liable to satisfy the mortgage payment (9 Warren’s Weed, New York Real Property, Mortgages, § 15.02 [1] [4th ed]; Kmetz v De Ronde, 231 NY 641).
The foregoing does not conflict with General Obligations Law § 5-705 which prohibits a grantee from being personally liable on a preexisting mortgage absent a written assumption of same or with EPTL 3-3.6 (b) which also refuses to impose personal liability for an encumbrance on property received by the distributee or devisee. Nothing in this decision should be interpreted as imposing personal liability upon the surviving spouse. However, the policy of the State and the equities point to estopping her from asserting the claim against the estate. While the estate is not absolved from its obligation should the surviving spouse default and a foreclosure result in a deficiency, that eventuality may be discounted. After all, the outstanding balance on the credit line is approximately $26,000. The value of the house is approximately $240,000. Therefore, there is no need to forestall the accounting for such a remote and contingent claim. The executor’s motion is granted. The cross motion is denied.