In the Matter of the Estate of LILLIAN M. MISCHLER, Deceased. RUSSELL R. MISCHLER, Appellant; JAMES KEABLE, as Executor of LILLIAN M. MISCHLER, Deceased, et al., Respondents. [819 NYS2d 118]—

Peters, J. Appeal from an order of the Surrogate's Court of Clinton County (Ryan, S.), entered December 6, 2004, which denied petitioner's claim against decedent's estate.

Decedent died in October 2003 and was survived by petitioner, who was her second husband, and her three children from her prior marriage. During decedent's lifetime, she conveyed title to

her various properties to both herself and petitioner as tenants by the entirety, including one upon which a mortgage had been taken out approximately two months before her death. Petitioner commenced this proceeding, by order to show cause (*see* SCPA 1809 [1]), claiming that this outstanding mortgage be satisfied out of decedent's estate. Surrogate's Court denied petitioner's request by concluding that the basis for his claim, EPTL 3-3.6—the provision addressing when a beneficiary will take an inheritance subject to an encumbrance—was inapplicable. This appeal ensued.

The sole issue is whether decedent's will brings this mortgage on the property owned by decedent and petitioner as tenants by the entirety within the parameters of EPTL 3-3.6. The will provides as follows:[1] "all of my legal debts and funeral expenses be paid as soon as may be practicable after my death, except that the payment of any debts secured by a mortgage or pledge of real or personal property may be postponed by my Executor or Executrix in his or her own discretion." With it established that in a tenancy by the entirety, a surviving spouse will take the entire estate when the other spouse dies, "not because of any right of survivorship, but because that spouse remains seized of the whole" (*Matter of Violi*, 65 NY2d 392, 395 [1985]; *see V.R.W., Inc. v Klein*, 68 NY2d 560, 563-564 [1986]; *Brower v Brower*, 226 AD2d 92, 94 [1997]), the estate of the deceased spouse is not deemed to have an interest in the property (*see V.R.W., Inc. v Klein, supra* at 564; *Matter of Violi, supra* at 396; *Brower v Brower, supra* at 94). Since EPTL 3-3.6, by its express language, limits its applicability to property that "is specifically disposed of by will or passes to a distributee" (EPTL 3-3.6 [a]), Surrogate's Court properly concluded that EPTL 3-3.6 is not applicable and that the language of decedent's will did not clearly express an intention otherwise.

Accordingly, petitioner was properly precluded from seeking the satisfaction of this outstanding mortgage from decedent's estate (*see Geldart v Bank of N.Y. & Trust Co.*, 209 App Div 581, 583 [1924]; *Matter of Griffith*, 183 Misc 2d 210, 212 [2000]; *Matter of Ryan*, 44 Misc 2d 477, 478 [1964]; *see also Robinson v Bogert*, 187 Misc 735, 737-738 [1946], *appeal dismissed* 271 App Div 1017 [1947]; *Matter of Dell*, 154 Misc 216, 218-219 [1935]).[2]

Cardona, P.J., Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with one bill of costs.

---

**1.** It is undisputed that decedent's most recent will was shredded and burned by petitioner, requiring Surrogate's Court to admit her previous will to probate.

**2.** We note, however, that by the specific provision in this will, had petitioner defaulted on the mortgage upon decedent's death, the holder of the

mortgage could seek payment from decedent's estate if the amount obtained in foreclosure did not satisfy the debt in full (*see Jemzura v Jemzura*, 36 NY2d 496, 501-502 [1975]).