■ CHICAGO TITLE INSURANCE COMPANY, Plaintiff, v BARBARA J. MAZULA, Defendant and Third-Party Plaintiff-Appellant. JAMES E. KEABLE, Third-Party Defendant-Respondent. [849 NYS2d 333]—

Peters, J. Appeal from an order of the Supreme Court (Dawson, J.), entered April 9, 2007 in Clinton County, which granted third-party defendant's motion for summary judgment dismissing the third-party complaint.

After defendant's husband died in July 1995, she retained third-party defendant, James E. Keable, to represent the estate. In December 1997, defendant sold property that she owned with her late husband as tenants by the entirety. Keable represented defendant at this sale, having her sign the deed as executor of her husband's estate. In late 1999 or early 2000, the purchasers sought a corrective deed conveying defendant's interest in the property. Accordingly, in January 2000, Keable executed a corrective deed on defendant's behalf by way of a power of attorney which specifically authorized him to act on her behalf regarding real estate transactions. Sometime after 2000, the purchasers discovered that both the original and corrective deeds conveyed a nonexistent right-of-way. When the purchasers commenced an action against defendant in 2002, she contacted Keable who referred her to another lawyer. A judgment was eventually entered in that action against defendant. Thereafter, in March 2005, plaintiff commenced this action to enforce its subrogation rights. In May 2005, defendant commenced a third-party action against Keable, alleging legal mal-

practice.[1] Keable's successful motion for summary judgment, challenging the claim as untimely, prompted this appeal.

A claim for legal malpractice must be commenced within three years (see CPLR 214 [6]) of the date " 'when all the facts necessary to the cause of action have occurred and an injured party can obtain relief in court' " (*McCoy v Feinman*, 99 NY2d 295, 301 [2002], quoting *Ackerman v Price Waterhouse*, 84 NY2d 535, 541 [1994]), not the date it is discovered by the plaintiff (see *McCoy v Feinman*, 99 NY2d at 301; *Shumsky v Eisenstein*, 96 NY2d 164, 166 [2001]; *Ackerman v Price Waterhouse*, 84 NY2d at 541). Here, the alleged malpractice accrued when the first deed was executed in 1997 and again when the second deed was executed in January 2000. Given a three-year statute of limitations period to propound this claim, the action will be time-barred unless the continuous representation toll applies (see CPLR 214 [6]; *McCoy v Feinman*, 99 NY2d at 301; *Shumsky v Eisenstein*, 96 NY2d at 167-168; *Glamm v Allen*, 57 NY2d 87, 93-94 [1982]).

In the context of a legal malpractice action, a toll may be found "where the continuing representation pertains specifically to the matter in which the attorney committed the alleged malpractice" (*Shumsky v Eisenstein*, 96 NY2d at 168; see *McCoy v Feinman*, 99 NY2d at 306). Hence, if there is merely a "continuing general relationship with a lawyer . . . involving only routine contact for miscellaneous legal representation . . . unrelated to the matter upon which the allegations of malpractice are predicated" (*Shumsky v Eisenstein*, 96 NY2d at 168), the toll will not be found.

Defendant argues that the toll applies because the sale of the property was not an isolated transaction, but an estate matter during which Keable continued to represent defendant's husband's estate long after the malpractice accrued. We disagree. The first deed attempted to convey what was believed to be the estate's interest in the property whereas the second deed conveyed defendant's personal interest. Regardless of how the first deed was executed, defendant, as a surviving tenant by the entirety, solely conveyed her personal interest (see *Matter of Mischler*, 30 AD3d 859, 860 [2006]). Hence, as to both deeds, Supreme Court correctly determined that Keable was always acting for defendant in her individual capacity, not in her capac-

---

**1.** In June 2004, Keable prepared an informal accounting for the estate and, in September 2005, resigned as trustee.

ity as the executor of her husband's estate.[2] Since Keable performed no further work for defendant, either personally or in her capacity as executor of the estate after January 2000 in regard to this transaction, the commencement of this third-party action for legal malpractice was not timely.

Cardona, P.J., Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.

---

2. Notably, all of the proceeds of the sale, minus expenses, went to defendant and not to the estate, and this third-party action was commenced by defendant in her individual capacity and not in her capacity as executor of her husband's estate.